PAUL J. WILLIAMS v. PEGGY W. WILLIAMS

No. 7326DC25

(Filed 11 July 1973)

Divorce and Alimony § 23— child support — failure to consider ability of father to pay

Where plaintiff did not appear and no evidence was offered as to his health, employment, earnings or earning capacity in a hearing instituted by defendant seeking an increase in the amount of child support paid by plaintiff, the trial court erred in granting the increase without first making a finding of fact as to plaintiff's ability to pay.

APPEAL by plaintiff from Belk, District Judge, 17 July 1972 Session of District Court held in MECKLENBURG County.

Defendant and plaintiff entered into a separation agreement in March 1968 which provided, among other things, that plaintiff should pay $350/month to defendant as child support for the benefit of the two children born of the marriage. Defendant retained custody of the two minor children. Plaintiff obtained an absolute divorce in March 1969.

Defendant filed this motion in the cause on 26 April 1972, seeking an increase in the amount of child support paid by

plaintiff for the support of their two minor children. Defendant also sought an award of attorney's fees. She alleged a substantial increase in expenses for the support and maintenance of the two children, and that, because of this increase, the $350/month child support specified under the separation agreement was insufficient to support the children in accordance with the custom and standards to which they were previously accustomed. The court issued an order to plaintiff to appear at a hearing in district court on defendant's motion, and to show cause why, if there were any, he should not be required to increase the support payments for the children born of the marriage. The order also directed plaintiff to bring with him to the hearing all books and records indicating: the plaintiff's earnings in the previous year, including Federal tax returns; all amounts he may have on deposit in Building & Loan and other institutions; and all real and personal property owned by plaintiff. Defendant was also served with a subpoena directing her to bring to the hearing all records of her expenditures during 1971-1972, including bank statements and cancelled checks.

At the hearing, defendant testified as to the increased expenses related to the support of the two minor children. She was not able to produce any bank statements or cancelled checks, which she explained she did not save after she checked her monthly balance. Plaintiff was not called as a witness, nor did he appear on his own behalf. Plaintiff's financial records were also not produced into evidence.

The court found as a fact that defendant had experienced an increase in expenses for the support and maintenance of the children, that the sum of $350 paid by plaintiff as child support pursuant to the separation agreement was insufficient to support the children in light of the increased expenses related to child support, and that there was "no evidence presented in Open Court as to the circumstances of the plaintiff." The court ordered plaintiff to pay child support to defendant in the amount of $550, and also to pay defendant's attorney's fees.

Plaintiff appealed.

*Mraz, Aycock, Casstevens & Davis, by Gary A. Davis, for plaintiff.*

*Robert F. Rush for defendant.*

BROCK, Judge.

Plaintiff excepts to the court's order allowing an increase in the amount of child support which plaintiff was paying to defendant under the separation agreement. Plaintiff contends that it was necessary for the court to make a finding of fact that plaintiff was financially able to pay such an increase, and that no such finding of fact was made.

No evidence was offered at the hearing with respect to plaintiff's health, condition, employment, earnings, or earning capacity. Defendant did allege in her motion that plaintiff was a practicing attorney in Charlotte, N. C., that he earned large sums of money, that he had income of several thousand dollars from an estate, and that he was able to support his children in accordance with the custom and standard formerly enjoyed by them. However, no evidence was offered at the hearing to support these allegations. In fact, the court specifically found that no evidence was presented in open court "as to the circumstances of the plaintiff."

It is generally recognized that decrees entered by our courts in child custody and support matters, or written agreements with respect to such matters, are impermanent in character and are subject to alteration by the court upon a change of circumstances affecting the welfare of the child. *Crosby v. Crosby,* 272 N.C. 235, 158 S.E. 2d 77; *Fuchs v. Fuchs,* 260 N.C. 635, 133 S.E. 2d 487. The welfare of the child is paramount in matters of custody and maintenance, "yet common sense and common justice dictate that the ultimate object in such matters is to secure support commensurate with the needs of the child *and* the ability of the father to meet the needs." (Emphasis added.) *Crosby v. Crosby, supra; accord, Fuchs v. Fuchs, supra.*

At the hearing, no evidence was offered as to plaintiff's ability to pay increased child support. A determination of such ability to pay was an essential prerequisite of an order for increased child support payments. Appellant is entitled to another hearing in which the court will consider the ability of the plaintiff to pay increased child support—*i.e.,* plaintiff's earnings or earning capacity, his financial circumstances, and his living expenses—as well as the needs of the minor children. The defendant and the court are not without a method to compel the production of plaintiff's records, and to compel plaintiff's attendance and testimony. G.S. 1A-1, Rule 45 (f).

The order appealed from is vacated and the case remanded for a new hearing on defendant's motion.

Vacated and remanded.

Judges HEDRICK and VAUGHN concur.