DOSTEY M. GIBSON v. BILLY RAY GIBSON

No. 7426DC869

(Filed 5 February 1975)

1. **Divorce and Alimony § 23— child support order — ability to comply — sufficiency of findings**

    Evidence was sufficient to support the trial court's finding that defendant had the ability to comply with a child support and alimony order where it tended to show that defendant's income was as much or more than it was when the order was entered, defendant had ready cash from severance pay, sale of an automobile, and $300 worth of Quaker Oats stock, defendant also had some additional income from his job as resident manager of an apartment complex, and defendant's living expenses decreased because his employer provided him with an automobile and he had a rent-free apartment.

2. **Divorce and Alimony § 23— child support increase — finding of changed circumstances**

    The trial court did not err in increasing the amount of child support defendant was required to pay where the court found that the cost of supporting the children had increased substantially since the original order was entered and defendant had substantially more net spendable income than he did at the time of the original order.

APPEAL by defendant from *Griffin, Judge,* 13 May 1974 Session of District Court held in MECKLENBURG County. Heard in the Court of Appeals on 15 January 1975.

This is a civil action wherein the plaintiff, Dostey M. Gibson, filed a motion in the cause on 26 March 1974 to have her husband, Billy Ray Gibson, held in contempt for his failure to comply with a 25 March 1971 court order awarding her child support in the amount of $110.00 per month for each of two adopted minor children and alimony *pendente lite* in the amount

Gibson v. Gibson

of $137.32 per month. Based upon an allegation of a change of condition, plaintiff also petitioned for an increase in the alimony and child support payments.

A hearing was held on plaintiff's motion and plaintiff testified as follows: The defendant abandoned her in March of 1971. Since then the living expenses for herself and the two children have increased from $543.07 per month to $734.90 per month due in part to the increasing cost of food, clothing, and the cost of educating the children. Although the defendant has paid her some money each month, he has fallen behind in his alimony and child support payments in the amount of $1,405.64. To the plaintiff's knowledge, defendant's salary has increased since 1971. Since 25 March 1971, defendant has also become the resident manager of an apartment complex. By virtue of this position, defendant lives in an apartment rent-free. All of his utilities, including telephone service, are paid for him. Defendant also receives $3.00 per hour for parttime work at the apartment complex. His primary employer, JFG Coffee Company, provides him with a car and pays all the expenses with respect to it.

Plaintiff next called the defendant as one of her witnesses and defendant testified as follows: At the time the 1971 order was entered, he was employed by the Quaker Oats Company. Defendant is now employed by the JFG Coffee Company. He received severance pay when he left the employ of Quaker Oats in 1971, but defendant could not remember whether he received as little as $1.00 or as much as $5,000.00. Defendant's federal tax return indicated that he earned $10,345.00 in 1971. His income in 1973 was at least $10,350.00. He was unable to estimate what his income would be in 1974. He was also unable to to remember what he earned in 1972. Defendant further testified he could not remember how much money he spent each month for living expenses. He did admit, however, that his employer provides him with a company car free of charge and allows him to drive it for his personal use. When he began working for JFG Coffee Company, he sold the car he had been driving but could not remember the sales price. The rental value of the apartment he now lives in rent-free is $150.00 per month. Defendant, however, could not remember what he had previously paid for rent. He earned between $100.00 and $150.00 for part-time employment at the apartment complex in 1973. Defendant further stated that he owns fifteen shares of Quaker Oats Company stock valued at approximately $20.00 per share.

At the conclusion of the hearing, the trial judge made the following pertinent findings of fact:

"14. That the defendant has had the means and ability to comply with the terms of the aforesaid Order and does presently have the means and ability to comply with the terms of the aforesaid Order.

15. That the defendant's failure to make all payments that previously were ordered by the Court, has been willful and without justification or excuse."

In its order, dated 16 May 1974, the trial court found defendant in willful contempt for his failure to comply with the 25 March 1971 order and adjudged that he be imprisoned until he paid the total arrearage due the plaintiff ($1,405.64), plus plaintiff's counsel fees ($200.00). The court also increased alimony payments to plaintiff from $137.32 to $200.00 per month and increased child support payments from $110.00 to $150.00 per month for each child. Defendant appealed.

*Leonard and Austin by William O. Austin for plaintiff appellee.*

*Hamel, Cannon & Hamel, P.A. by Thomas R. Cannon for defendant appellant.*

HEDRICK, Judge.

[1] Defendant contends the trial court erred in holding him in contempt and ordering him confined until he pays the total arrearage on his alimony and child support payments because there is no evidence in the record to support the finding by the court that he presently has the means to comply with the order of 25 March 1971.

Despite defendant's obvious unwillingness to cooperate when he was called as a witness for plaintiff, and his evasive and incredible testimony with respect to his assets and liabilities and his ability to comply with the order to pay child support and alimony, the record is sufficient to show that the defendant's income is as much or more than it was when the order was entered. In addition, the defendant has had ready cash from his severance pay, sale of an automobile, and $300.00 worth of Quaker Oats stock. The defendant has also had some additional income from his job as resident manager of the apartment

Gibson v. Gibson

complex. From the record, it also appears that his living expenses have decreased because his present employer provides him with an automobile and he has a rent-free apartment valued at $150.00 per month. We conclude there is ample evidence in the record to support Judge Griffin's finding that the defendant has had and presently has the ability to comply with the order dated 25 March 1971.

[2] Defendant next contends that the trial court erred in increasing the amount of child support he is required to pay. The ultimate object in setting awards of child support is to secure support commensurate with the needs of the children and the ability of the father to meet the needs. *Crosby v. Crosby,* 272 N.C. 235, 158 S.E. 2d 77 (1967) ; *Fuchs v. Fuchs,* 260 N.C. 635, 133 S.E. 2d 487 (1963). In the instant case, the trial court found sufficient facts to justify an increase in the child support payments. Not only did he find facts showing that the cost of supporting the children has increased substantially since the 1971 order, but he found facts showing that the defendant, due in part to becoming the resident manager of an apartment complex, has substantially more net spendable income now than he did on 25 March 1971. Furthermore, these findings are supported by competent evidence in the record.

Finally, defendant contends that the alimony and child support payments ordered by the court are excessive. The amount awarded by the trial court for alimony and child support will be disturbed only upon a showing of an abuse of discretion. *Teague v. Teague,* 272 N.C. 134, 157 S.E. 2d 649 (1967) ; *Rayfield v. Rayfield,* 242 N.C. 691, 89 S.E. 2d 399 (1955) ; *Swink v. Swink,* 6 N.C. App. 161, 169 S.E. 2d 539 (1969). Suffice it to say, defendant has failed to show any abuse of discretion upon the part of Judge Griffin in the order entered.

For the reasons stated, the orders entered finding the defendant in contempt and imprisoning him until he has paid the arrearage of $1,405.64 plus counsel fees and ordering him to pay alimony at the rate of $200.00 per month and child support in the amount of $150.00 per month for each child are

Affirmed.

Judges MORRIS and PARKER concur.