FRANK MOIR MONTGOMERY v. BARBARA ANN MONTGOMERY

No. 7617DC576

(Filed 5 January 1977)

1. **Divorce and Alimony § 22— child custody and support order — findings and conclusions**

    In a child custody and support proceeding, the trial court is required to find specific ultimate facts to support the judgment and to state separately its conclusions of law thereon.

2. **Trial § 58— conclusion of law defined**

    A conclusion of law is the court's statement of the law which is determinative of the matter at issue between the parties and must be based on the facts found by the court.

3. **Divorce and Alimony § 24— child custody — findings required**

    A child custody order should contain findings of fact which sustain the conclusion of law that custody of the child is

Montgomery v. Montgomery

awarded to the person who will best promote the interest and welfare of the child. G.S. 50-13.2.

**4. Divorce and Alimony § 23— child support — findings required**

A child support order should contain findings of fact which sustain the conclusion of law that the support order meets the needs of the child for health, education and maintenance, having due regard to the estates, earnings, conditions, accustomed standard of living of the child and the parties, and other facts of the particular case. G.S. 50-13.4(c).

**5. Divorce and Alimony § 24— child visitation rights — findings required**

An order awarding child visitation rights should contain findings of fact which sustain the conclusion of law that the party is a fit person to visit the child and that such visitation rights are in the best interest of the child.

**6. Divorce and Alimony §§ 23, 24— child custody, support, visitation — insufficiency of findings and conclusions**

Trial court's order contained insufficient findings of fact and conclusions of law to support its award of child custody, support and visitation rights.

APPEAL by plaintiff from *Freeman, Judge.* Judgment entered 1 March 1976, District Court, STOKES County. Heard in the Court of Appeals 18 November 1976.

In an action for absolute divorce on the ground of separation, defendant-wife, who did not contest the divorce, made a motion under G.S. 50-13.5(b)(5) for custody and support of the two children born of the marriage, Fredrick Len, age 12, and Carla Jean, age 8. In her motion defendant stated that plaintiff had had custody of both children for 15 months because she had been seriously ill and unable to assume custody; that she had since recovered her health; and that plaintiff refused to allow her to visit the children.

In his reply to the motion, plaintiff stated that defendant-wife was not a fit and proper person to have custody; and that since he properly cared for the children over the last 15 months, he should continue to have custody.

After an evidentiary hearing the court entered the judgment awarding custody of the son, Fredrick Len, to plaintiff-father, custody of the daughter, Carla Jean, to defendant-mother, with visitation rights to both. Also, the plaintiff was ordered to make support payments in the sum of $25.00 per month to defendant for support of the daughter: Plaintiff appealed.

*John Edward Gehring for plaintiff appellant.*

*No brief filed for defendant appellee.*

CLARK, Judge.

This appeal raises the issue of whether the judgment of the trial court awarding custody, support payments, and visitation rights contains findings of fact and conclusions of law sufficient to sustain the awards.

The judgment of the trial court found, in part, the following:

"IV. Based upon the greater weight of the evidence, the finding of fact is that at and during the time of separation the wife herein, Barbara Ann Montgomery, was hospitalized and by necessity the husband, Frank Moir Montgomery, had the custody of the two (2) minor children and moved from Stokes County to Forsyth County.

V. That the wife, Barbara Ann Montgomery, has now recovered from her illness and is fully capable of caring for the children properly and is a fit and proper person to provide a wholesome home life that is conducive to the well-being of the minor children.

VI. The father has cared for the children during his former wife's illness and it is found as a fact that this has been satisfactory for the welfare of the children.

VII. Both children are regular in their attendance of school and the boy has made satisfactory progress in his school work and activities; the girl is an exceptional student and her school work has been highly satisfactory.

VIII. It was admitted by both parents during testimony that each was a fit and proper person to have custody of the children."

[1, 2] In a proceeding for custody and support of a minor child, the trial court is required to "find the facts specially and state separately its conclusions of law thereon and direct the entry of appropriate judgment." G.S. 1A-1, Rule 52(a)(1). The trial court is required to find specific ultimate facts to support the judgment, and the facts found must be sufficient for the appellate court to determine that the judgment is adequately

supported by competent evidence. *Crosby v. Crosby,* 272 N.C. 235, 158 S.E. 2d 77 (1967) ; *Savage v. Savage,* 15 N.C. App. 123, 189 S.E. 2d 545, *cert. denied,* 281 N.C. 759, 191 S.E. 2d 356 (1972). A "conclusion of law" is the court's statement of the law which is determinative of the matter at issue between the parties. *Peoples v. Peoples,* 10 N.C. App. 402, 179 S.E. 2d 138 (1971). A conclusion of law must be based on the facts found by the court and must be stated separately. *Williams v. Williams,* 13 N.C. App. 468, 186 S.E. 2d 210 (1972). The conclusions of law necessary to be stated are the conclusions which, under the facts found, are required by the law and from which the judgment is to result. 89 C.J.S., Trial, § 615b (1955).

[3] To support an award of custody, the judgment of the trial court should contain findings of fact which sustain the conclusion of law that custody of the child is awarded to the person who will "best promote the interest and welfare of the child." G.S. 50-13.2. *Blackley v. Blackley,* 285 N.C. 358, 204 S.E. 2d 678 (1974) ; *Williams v. Williams,* 18 N.C. App. 635, 197 S.E. 2d 629 (1973).

[4] To support an award of payment for support the judgment of the trial court should contain findings of fact which sustain the conclusion of law that the support payments ordered are in "such amount as to meet the reasonable needs of the child for health, education, and maintenance, having due regard to the estates, earnings, conditions, accustomed standard of living of the child and the parties, and other facts of the particular care." G.S. 50-13.4(c). *Crosby v. Crosby, supra; Williams v. Williams,* 18 N.C. App. 635, 197 S.E. 2d 629 (1973).

[5] To support an award of visitation rights the judgment of the trial court should contain findings of fact which sustain the conclusion of law that the party is a fit person to visit the child and that such visitation rights are in the best interest of the child. *Swicegood v. Swicegood,* 270 N.C. 278, 154 S.E. 2d 324 (1967) ; *In re Custody of Stancil,* 10 N.C. App. 545, 179 S.E. 2d 844 (1971).

[6] There are insufficient findings and no conclusions of law in the judgment appealed from to support the award of custody, support payments, and visitation rights by the trial court. Paragraph V of the judgment contains conclusions or opinions supported by the evidence before the court, but they are not conclusions of law determinative of the custody issue, i.e.,

which party will best promote the interest and welfare of the child, Carla Jean Montgomery? The judgment contains no findings or conclusions which support the award of custody of Fredrick Len Montgomery to the plaintiff-father, or findings or conclusions which support the provisions for visitation rights or for support payments.

The requirement for appropriate findings of fact and conclusions of law is not designed to encourage ritualistic recitations by the trial court. The requirement is designed to dispose of the issues raised by the pleadings and to allow the appellate courts to perform their proper function in the judicial system. Without such findings and conclusions, it cannot be determined whether or not the judge correctly found the facts or applied the law thereto. *Jones v. Murdock*, 20 N.C. App. 746, 203 S.E. 2d 102 (1974). Since the judgment appealed from does not contain sufficient findings of fact. and no conclusions of law to support its dispositive provisions, the judgment is vacated, and this cause is remanded for proceedings consistent with this decision.

Vacated and remanded.

Judges MORRIS and ARNOLD concur.