JANE J. PERRY v. DAVID F. PERRY

No. 766DC775

(Filed 4 May 1977)

1. **Divorce and Alimony § 24.7— change in child support — needs at time of separation agreement**

It was not necessary for plaintiff mother to present evidence or for the court to make findings as to what the needs of a child had been at the time a separation agreement was signed in order for the court to enter a *pendente lite* order requiring defendant father to make child support payments larger than those provided in the separation agreement.

2. **Divorce and Alimony § 24.2— child support — change in amount required by separation agreement**

Where parties to a separation agreement agree concerning the support and maintenance of their minor children, there is a presumption, in the absence of evidence to the contrary, that the provisions mutually agreed upon are just and reasonable, and the court is not warranted in ordering a change in the absence of any evidence of a change in conditions.

3. **Divorce and Alimony § 24.7— child support — separation agreement — change in circumstances**

A mother's serious illness which caused permanent disability and a reduction in her income from $512.00 to $157.50 per month constituted a sufficient change in conditions affecting the welfare of her child to support a *pendente lite* order directing the father to make child support payments larger than those provided in a separation agreement and to pay the mother's counsel fees.

4. **Judges § 5— denial of motion for recusal**

The trial judge did not err in the denial of defendant's motion that he disqualify himself from the trial of this action to obtain increased child support on the grounds that the judge had presided at a criminal trial of defendant for failure to provide adequate child support, had erroneously admitted testimony in the criminal trial concerning income earned by defendant's present wife, and after announcing a verdict of not guilty in the criminal trial, had stated that two people having the income of defendant and his present wife should furnish more child support than that paid by defendant pursuant to a separation agreement, where the judge stated that he would not consider evidence of the income of defendant's present wife and that he did not remember the statement attributed to him by defendant, and where the record reveals that the judge conducted the hearing in a fair and impartial manner.

APPEAL by defendant from *Blythe, Judge.* Order entered 9 July 1976 in District Court, HERTFORD County. Heard in the Court of Appeals 8 March 1977.

This is an appeal from a *pendente lite* order awarding child support payments and attorney fees. Plaintiff-mother and defendant-father married on 11 August 1968 and lived together until February 1974, when they separated. One child was born of their marriage. On 6 March 1975 they executed a separation agreement by which custody of the child remained in plaintiff and defendant agreed to provide $65.00 on the first and fifteenth of each month (a total of $130.00 per month) for the support of the child. When this agreement was executed, plaintiff was employed on a full-time basis as a secretary and was receiving a gross salary of $118.00 per week; and defendant was employed on a full-time basis by Carolina Telephone and Telegraph Company and was receiving a gross salary of $225.00 per week. On 14 April 1975 defendant was granted an absolute divorce from plaintiff on the grounds of one year's separation. The divorce decree did not alter, amend, or modify the custody or support provisions of the separation agreement.

On 15 May 1975 plaintiff suffered a severe stroke which necessitated her hospitalization and an operation. As a result, she was paralyzed along the left side and extremeties of her body. She remained so for some months until her condition improved enough to allow some functioning in the left side of her body. Because of her illness, she has been unable to return to her employment and has been advised by her physicians that she is permanently disabled and not physically capable of any type of continuing employment. The only payments she receives from which she can support her child are monthly social security checks in the amount of $157.70 and the support payments made by defendant under the separation agreement.

On 7 May 1976 plaintiff filed this action seeking an order requiring defendant to provide adequate support for the child. In her complaint plaintiff alleged the foregoing facts, all of which the defendant admitted in his answer. In addition, plaintiff alleged, but defendant denied, the following:

Plaintiff's illness and resulting unemployment has reduced her income from approximately $512.00 to $157.50 per month. This reduction in income and plaintiff's permanent disability are significant changes in the circumstances that existed when the separation agreement was executed. This change, coupled with the increasing cost of living and the growing needs of the child, make the support payments provided for in the separa-

tion agreement inadequate to provide proper maintenance for the child. Plaintiff has notified defendant of this inadequacy and has made demand for an increase in the amount of child support payments to be made by him. Defendant is employed on a full-time basis earning a salary of $238.50 per week. Despite the fact defendant is financially capable of providing adequate support for his child, he refuses to do so.

The matter was heard on plaintiff's motion for an increase in the child support payments *pendente lite,* and on defendant's motion to take custody of the child away from the plaintiff and to place it with the defendant. Plaintiff testified concerning her physical and financial condition, her living arrangements, her care of the child, and the living expenses and needs of the child. She also presented evidence concerning defendant's earnings from his employment. Defendant did not testify and presented no evidence except his verified answer and counterclaim for custody, which he presented as an affidavit.

The court entered an order making detailed findings of fact and conclusions of law on the basis of which it ordered that plaintiff continue to have custody of the child, that defendant pay $45.00 per week for support of the child until the trial of this action, and that defendant pay the costs of this action, including the payment of $150.00 to plaintiff's attorneys for their services. From this order, defendant appeals.

*Carter W. Jones and Ralph G. Willey III for plaintiff appellee.*

*Revelle, Burleson and Lee by L. Frank Burleson, Jr., for defendant appellant.*

PARKER, Judge.

[1] Defendant contends there was insufficient evidence of a change in the child's circumstances and needs to support the *pendente lite* order directing him to make child support payments larger than provided in the separation agreement. In particular, he contends that it was necessary that the plaintiff present evidence not only to show the needs of the child at the time of the hearing but also to show what those needs had been at the time the separation agreement was signed, and he contends that in absence of such evidence and findings based

thereon showing a change in the needs of the child, the court was not warranted in ordering him to make the increased payments. Defendant's contentions are based on a misconception of the effect of the separation agreement upon the court's power to protect the welfare of the child. What was said by Sharp, J. (now C.J.), speaking for the Court in *Williams v. Williams*, 261 N.C. 48, 134 S.E. 2d 227 (1964), is applicable to the present case:

> "When a wife petitions the judge to increase the amount which the Court itself has previously fixed for the support of minor children, she assumes the burden of showing that circumstances have changed between the time of the order and the time of the hearing upon the petition for the increase. In such case, she must show either that the need of the children or the cost of their support has increased, or that the ability of the father to pay has increased if the amount originally fixed was inadequate because of the father's inability to pay more. However, prior to the entry of the order appealed from in this case, the defendant's support payments for the children had been made pursuant to the terms of a deed of separation which was in no way binding on the court insofar as it applied to the children. Therefore, plaintiff's only burden was to show the amount reasonably required for the support of the children at the time of the hearing. The amount which the parties fixed [in their deed of separation] was merely evidence for the judge to consider, along with all the other evidence in the case, in determining a reasonable amount, for support of the children." 261 N.C. at 58-59.

It was, therefore, not necessary in this case for the plaintiff to present evidence or for the court to make findings as to what the needs of the child had been at the time the separation agreement was signed.

[2] Although the provisions of a valid separation agreement relating to marital and property rights of the parties cannot be ignored or set aside by the court without the consent of the parties, such agreements "are not final and binding as to the custody of minor children or as to the amount to be provided for the support and education of such minor children." *Hinkle v. Hinkle,* 266 N.C. 189, 195, 146 S.E. 2d 73, 77 (1966). No agreement between the parents will serve to deprive the court

of its inherent authority to protect the interests and provide for the welfare of infants. Husband and wife "may bind themselves by a separation agreement or by a consent judgment, but they cannot thus withdraw children of the marriage from the protective custody of the court." *Fuchs v. Fuchs*, 260 N.C. 635, 639, 133 S.E. 2d 487, 491 (1963). Nevertheless, where parties to a separation agreement agree concerning the support and maintenance of their minor children, there is a presumption, in the absence of evidence to the contrary, that the provisions mutually agreed upon are just and reasonable, and the court is not warranted in ordering a change in the absence of any evidence of a change in conditions. *Fuchs v. Fuchs, supra.*

[3] Here, there was ample evidence of a change in conditions. The mother's serious illness and the resulting drastic reduction in her income immediately and directly affected one source of support for the child. A change far less drastic, the mother's loss of her job as a teacher, was held in *Bishop v. Bishop*, 245 N.C. 573, 96 S.E. 2d 721 (1957), sufficient to show that the welfare of the minor children had been affected and to sustain an order increasing the amount of child support payments required of the father over those provided for in a separation agreement. G.S. 50-13.4, which deals with an action for the support of a minor child, provides in part as follows:

G.S. 50-13.4

"(b) In the absence of a pleading and proof that circumstances of the case otherwise warrant, the father, the mother, or any person, agency, organization or institution standing in loco parentis shall be liable, in that order, for the support of a minor child. Such other circumstances may include, but shall not be limited to, the relative ability of all the above-mentioned parties to provide support or the inability of one or more of them to provide support, and the needs and estate of the child. Upon proof of such circumstances the judge may enter an order requiring any one or more of the above-mentioned parties to provide for the support of the child, as may be appropriate in the particular case. . . .

(c) Payments ordered for the support of a minor child shall be in such amount as to meet the reasonable needs of the child for health, education, and maintenance, having due re-

gard to the estates, earnings, conditions, accustomed standard of living of the child and the parties, and other facts of the particular case."

Here, the trial court made detailed findings as to the needs of the child and as to the relative ability of the parties to provide for those needs. Included is a finding that defendant earns a gross salary of $238.50 every week from which he could provide a reasonable support for his child. These findings are fully supported by admissions in the pleadings and by evidence presented. In turn, the court's factual findings support its conclusions and its order awarding custody to the plaintiff and directing the defendant to pay increased child support payments *pendente lite* and counsel fees.

[4] The final question presented by this appeal involves the denial by the trial judge of defendant's motion that the judge disqualify himself from the trial of this case. Prior to filing answer, the defendant moved that the judge disqualify himself on the grounds that he had presided at a prior criminal trial in which defendant had been charged with failing to provide adequate support for his child. Although defendant was found not guilty, defendant asserted that he could not get a fair trial in this case because the judge had erroneously admitted testimony in the criminal trial concerning income earned by defendant's present wife and because the judge, after announcing the verdict of not guilty in the criminal trial, had "stated on open court in substance that two people having the income defendant and his present wife have could or should furnish more child support than called for by the separation agreement." In denying this motion, the trial judge stated that he did not remember any evidence from the criminal trial as to the income of defendant's present wife and would not consider such evidence. No such evidence was admitted at the trial of this case, and an allegation in plaintiff's complaint relating to it was ordered stricken on motion of the defendant. In denying defendant's motion that he disqualify himself, the judge also stated that he did not remember making the statement attributed to him by the defendant. Even had the judge made such a statement, we perceive no sufficient grounds why the judge should have been required to disqualify himself. The record reveals that the judge conducted the hearings leading up to the *pendente lite* order

here appealed from in a fair and impartial manner. The order appealed from is

Affirmed.

Chief Judge BROCK and Judge ARNOLD concur.