IN THE MATTER OF THE CUSTODY OF LAWRENCE HAYES, KIMBERLY HAYES, AND LEROY GLENN HAYES, JR., MINORS

No. 7912DC1

(Filed 6 November 1979)

1. **Divorce and Alimony § 23.10— jurisdictional question not raised in trial court—no consideration on appeal**

The court on appeal will not consider respondent's jurisdictional question which was not raised in the trial court.

**2. Divorce and Alimony § 25.2 — child custody order supported by evidence — separation agreement not binding**

　　The trial court's child custody order was supported by ample evidence, and the court was not bound by the child custody provision of the parties' separation agreement.

APPEAL by respondent from *Guy, Judge.* Judgment entered 9 August 1978 in District Court, CUMBERLAND County. Heard in the Court of Appeals 29 August 1979.

This action was commenced by writ of habeas corpus to determine the custody of the three minor children born of the marriage of petitioner, Eugenia Pearl Hayes, and respondent, Leroy Glenn Hayes. Petitioner and respondent entered into a separation agreement on 27 August 1976, which provided for child custody and support, and awarded custody of Lawrence and Kimberly to petitioner and of Leroy, Jr. to respondent. The agreement also provided for child support payments from respondent to petitioner. Petitioner and respondent were divorced in Wilson County on 29 September 1977. The trial court heard evidence from both parties, interviewed the children privately and individually and at the close of the initial hearing, entered an order continuing the determination of custody until the end of the 1977-1978 school year. The hearing was resumed on 9 August 1978, following which, the trial judge entered an order modifying the custody arrangement provided for in the separation agreement — awarding custody of Leroy, Jr. in addition to Kimberly to petitioner, and Lawrence to respondent. No change was made in the level of support payments. Respondent appealed.

*Downing, David, Vallery, Maxwell & Hudson, by Harold D. Downing, for petitioner appellee.*

*Farris, Thomas & Farris, P.A., by Robert A. Farris, for respondent appellant.*

WELLS, Judge.

Respondent's assignments of error raise two questions: 1) whether the trial court had jurisdiction in the matter; and 2) whether the trial court's order was based upon sufficient evidence to justify a change of custody from that provided for in the separation agreement.

[1]   The respondent argues that since the divorce decree was entered in Wilson County, only that court would have jurisdiction to consider a change in custody. This jurisdictional issue was not raised in the trial court. Although this Court may take notice of a jurisdictional question *ex mero motu,* we decline to do so here because the record before us does not contain either the divorce decree or pleadings in that prior action and accordingly, we are unable to determine whether the trial court in the prior divorce action dealt with the issues of child custody and support. We also decline to consider respondent's contention that amendments to G.S. 50-6 made by the 1977 North Carolina General Assembly restrict jurisdiction of custody to the court which hears the divorce action. By the explicit wording of G.S. 50-6, applicability of any such conceivable modifications in jurisdiction would be limited to divorces obtained on grounds of a one year separation of the parties, and the record in the present action is devoid of the grounds upon which the divorce was granted.

[2]   We also find that the trial court's custody order was supported by ample evidence. Judge Guy considered the separation agreement, the divorce, the status and condition of the children, and their reasonable needs and best interest. He made appropriate findings of fact with respect to the fitness of petitioner and respondent and the best interest of the children whose custody was awarded. He based his conclusions and order on those findings.

　　　It has been a long-standing rule in this State that the child custody provisions contained in separation agreements are not binding on the courts. *Hinkle v. Hinkle,* 266 N.C. 189, 146 S.E. 2d 73 (1966); *Newsome v. Newsome,* 42 N.C. App. 416, 256 S.E. 2d 849 (1979); *Perry v. Perry,* 33 N.C. App. 139, 234 S.E. 2d 449 (1977), *disc. rev. denied,* 292 N.C. 730, 235 S.E. 2d 784 (1977). Judge Guy's order was based on sufficient evidence as to the fitness of petitioner and the best interest of the children, and he made proper findings and conclusions on the pertinent issues. Under such circumstances, the trial court's order should not be disturbed on appeal. *Teague v. Teague,* 272 N.C. 134, 157 S.E. 2d 649 (1967); *King v. Allen,* 25 N.C. App. 90, 212 S.E. 2d 396 (1975), *cert. denied,* 287 N.C. 259, 214 S.E. 2d 431 (1975).

　　　The order of the trial court is

Affirmed.

Judges CLARK and ERWIN concur.