Peters v. Elmore

ELIZABETH A. PETERS v. JACK T. ELMORE, JR.

No. 8121DC1310

(Filed 16 November 1982)

1. **Divorce and Alimony § 24.1— child support—ability to pay—findings supported by plaintiff's evidence**

In a child support action in which defendant was not present at any of the hearings, was not represented by counsel, and failed to submit an affidavit of financial standing, plaintiff presented sufficient evidence to support the trial court's determination of defendant's ability to pay child support as required by G.S. 50-13.4(c) and to support the court's temporary award of $500.00 per month and its later permanent award of $1,100.00 per month where plaintiff presented evidence that defendant had an income of over $1,000.00 per week, that he owned real property in North Carolina which produced rental income of at least $435.00 per month, and that he owned real property in Washington, D.C. worth over $600,000.00.

2. **Divorce and Alimony § 24.5— child support—increasing amount provided in temporary order—changed circumstances not required**

Child support payments of $500.00 per month required by a temporary order could properly be increased by the trial court to $1,100.00 per month in its permanent order without a finding of changed circumstances.

3. **Divorce and Alimony § 24.4— failure to make child support payments—contempt of court—ability to comply with order**

Findings that defendant was earning at least $1,000.00 per month and had real property investments valued at over $600,000.00 showed that defendant could take reasonable measures which would enable him to comply with an order requiring him to pay child support of $500.00 per month and supported the court's order finding defendant in contempt for failure to make such payments.

4. **Rules of Civil Procedure § 60.2— motion to set aside judgment—absence of excusable neglect**

Defendant was guilty of inexcusable neglect in this child custody and support action and was therefore not entitled to have an entry of default entered against him set aside under G.S. 1A-1, Rule 60(b)(1) where defendant contended that he was unable to attend two hearings held in the matter because of job commitments elsewhere, but the record showed that defendant delayed in seeking legal assistance until almost six months after plaintiff had filed her original complaint and failed to submit a financial affidavit until over seven months after the first hearing concerning child support.

5. **Judges § 5— refusal of judge to recuse himself**

The trial judge did not err in failing to recuse himself before signing an order denying defendant's motions to set aside an entry of default, denying defendant relief from child custody and support orders, finding defendant in contempt for failure to comply with a support order, and removing himself

from presiding over hearings on defendant's motions to reduce child support because of changed circumstances and to seek clarification of visitation rights.

**6. Divorce and Alimony § 24.1; Rules of Civil Procedure § 54— child support— amount greater than prayer for relief**

The trial court erred in awarding monthly child support in an amount greater than that contained in plaintiff's prayer for relief in the complaint. G.S. 1A-1, Rule 54(c).

APPEAL by defendant from *Tash, Judge.* Judgments entered 24 November 1980, 2 March 1981, 19 March 1981 and 30 July 1981 in District Court, FORSYTH County. Heard in the Court of Appeals 17 September 1982.

Plaintiff and defendant were married on 20 May 1969 and divorced on 26 July 1976. Two children were born of that marriage. Defendant had been making voluntary child support payments up until 1 August 1980. This action was initiated by a complaint filed by plaintiff on 26 September 1980 which requested that permanent custody of the two children be awarded to plaintiff, that defendant be ordered to pay at least $1064.00 per month as child support, that the court award an amount for child support past due, that the court order the sale of defendant's real property in Kernersville, North Carolina, from which plaintiff would receive the above payments, and temporary relief in the form of custody, child support and attorney fees. Defendant was served with the complaint, summons, notice of the 17 November 1980 hearing, lis pendens and affidavit of attachment on 5 November 1980. Defendant contacted the presiding judge before the hearing date, for the purpose of obtaining a continuance, and the court refused to grant a continuance unless plaintiff agreed. As defendant and plaintiff could not come to any agreement which would permit a continuance, and defendant had a job commitment elsewhere, defendant was absent from the 17 November 1980 hearing. On 24 November 1980 the trial court awarded plaintiff temporary custody and monthly child support payments of $500.00.

Defendant failed to answer plaintiff's complaint within the statutory time limit and the Clerk of the Superior Court entered default against the defendant on 26 January 1981. Defendant also failed to make any child support payments under the 24 November 1980 order and on 2 March 1981 the trial court found defend-

ant in contempt of the 24 November 1980 order. The court also gave custody of the two children to plaintiff, found defendant $2,000.00 in arrears in child support payments, declared a lien against defendant's real property in Kernersville and ordered its sale, and ordered defendant to begin paying monthly child support in the amount of $1100.00. Defendant did not present any defense at the 2 March 1981 hearing. The 2 March 1981 order was amended on 19 March 1981 to include the procedure for sale of defendant's real property.

At some point between 19 March 1981 and 27 March 1981, defendant retained counsel. On 27 March 1981 defendant filed an answer to plaintiff's 26 September 1980 complaint and a motion for relief from the above orders. On 11 May 1981 defendant also filed a motion to set aside the 26 January 1981 entry of default. On 30 July 1981 the trial judge denied defendant's motions to set aside the entry of default and for relief from the 24 November 1980 and 2 March 1981 orders, and struck defendant's answer. The judge also removed himself from presiding over hearings on defendant's motions to reduce child support because of changed circumstances and to seek clarification of visitation rights.

Defendant's appeal entries were filed on 30 July 1981. On 21 September 1981 the trial court denied defendant's motion to stay the execution and proceedings to enforce the orders, and on 12 October 1981 the sale of defendant's Kernersville real property was confirmed by the trial court.

Defendant appeals from the court orders of 24 November 1980, 2 March 1981, 19 March 1981, and 30 July 1981.

*Billings, Burns & Wells, by R. Michael Wells, for plaintiff-appellee.*

*White & Crumpler, by Fred G. Crumpler, G. Edgar Parker and Craig B. Wheaton, for defendant-appellant.*

MARTIN (Robert M.), Judge.

[1] Defendant's first assignment of error deals with the 24 November 1980 court order which ordered defendant to pay child support of $500.00 per month. Defendant contends that the trial court's findings of fact did not support its conclusions of law because the court had no evidence on which to base its determina-

tion of defendant's ability to pay support, as required by N.C. Gen. Stat. 50-13.4(c). *Williams v. Williams*, 18 N.C. App. 635, 197 S.E. 2d 629 (1973).

The amount awarded by a trial court for alimony and child support will be disturbed only upon a showing of an abuse of discretion. *Gibson v. Gibson*, 24 N.C. App. 520, 211 S.E. 2d 522 (1975). We find no abuse of discretion in this case which would justify a reversal of the 24 November 1980 order.

The pertinent conclusions of law contained in the 24 November 1980 order were:

4. The sum of $500 per month for the support of the minor children to the plaintiff would best promote the welfare of said children.

5. The defendant is liable for the support of the minor children and has the ability to provide the sum of $500 per month for the support of said minor children, having due regard for the relative ability of the parties to provide support, and to the circumstances of the parties and the children, pursuant to N.C.G.S. 50-13.4(b)(c).

The findings of fact which supported these conclusions of law included:

8. Plaintiff is employed by the Forsyth County Health Department, and has a net take-home pay of approximately $135 per week.

9. Defendant is an able-bodied man, with years of training and experience as a contractor and engineer; he is employed by Reinforced Earth Movers in the Washington, D.C. area, and he has a gross income of at least $1,000 per week; further, he owns real estate in the Georgetown area of Washington, D.C. worth in excess of $600,000.

10. Defendant also owns two tracts of real estate in Forsyth County, North Carolina, for which he has received monthly rental income of $435 per month, and he has hired an agent in Forsyth County for the collection of the rent on the aforesaid property.

11. Plaintiff has submitted a financial affidavit to this Court concerning the monthly expenses of the minor

children, which totals $1,064 per month, and the children have reasonable needs for their support and maintenance of $500 per month.

12. The defendant has primary responsibility for the support of the minor children and has the present ability to provide the sum of $500 per month for the support of the minor children.

As this order was merely temporary, pending a full hearing, and since defendant was not present at the 17 November 1980 hearing, failed to be represented by counsel, and failed to submit an affidavit of financial standing, we find no abuse of discretion in the court's temporary award of one-half the amount of requested child support. The evidence presented by plaintiff will be deemed to support the findings of fact unless there is evidence to the contrary presented in the record. 1 N.C. Index 3d, Appeal & Error § 28.2.

Defendant's second assignment of error questions the validity of the 2 March 1981 order which ordered defendant to pay child support of $1100.00 per month, as well as a $2000.00 arrearage, and found defendant in willful contempt for failing to abide by the 24 November 1980 order. Once again we must limit our review of the trial court's decision to considering whether it abused its discretion in the 2 March 1981 order. *Gibson v. Gibson,* 24 N.C. App. 520, 211 S.E. 2d 522 (1975).

As with the 24 November 1980 order, we find no basis for defendant's claim that the evidence did not support the findings of fact of the 2 March 1981 order or that the findings of fact did not support the conclusions of law. Since no additional evidence pertaining to defendant's financial status was presented at the later hearing and defendant again failed to make any attempt to present a defense, the evidence presented by the plaintiff is deemed to support the findings of fact. 1 N.C. Index 3d, Appeal & Error § 28.2.

This court has previously held that the trial court erred where it increased the amount of child support to be paid by the husband where the husband did not appear at the hearing and no evidence was offered as to his ability to pay. *Williams v. Williams,* 18 N.C. App. 635, 197 S.E. 2d 629 (1973). But that case is

distinguishable. In our case plaintiff presented evidence at both hearings that defendant had an income of over $1000.00 per week, that he owned real property in North Carolina which produced rental income of at least $435.00 per month, and that he owned real property in Washington, D.C., worth over $600,000.00. This evidence was much more specific than the evidence presented in *Williams* that the husband "earned large sums of money, that he had income of several thousand dollars from an estate, and that he was able to support his children in accordance with the custom and standard formerly enjoyed by them." *Id.* at 637, 197 S.E. 2d at 630. We hold that plaintiff presented enough evidence to support a determination of defendant's ability to pay child support as required by N.C. Gen. Stat. 50-13.4(c).

[2] Defendant also contends that the court erred in increasing the child support payments from $500.00 per month under the 24 November 1980 order to $1100.00 per month under the 2 March 1981 order. We reject defendant's argument that the doctrine of *res judicata* prevented such an increase, since all parties were aware that the 24 November 1980 order was entered without prejudice as to the amount of child support the defendant would be required to pay after a full hearing.

Furthermore, since the 24 November 1980 order provided only a temporary solution, there was no need for the plaintiff to prove a "change in circumstances" justifying the 2 March 1981 order's increase in the amount of child support defendant was required to pay.

[3] The trial court committed no error by finding defendant in willful contempt of the 24 November 1980 order. It must be shown that defendant could comply with the order or could take reasonable measures that would enable him to comply with the order, before defendant can be held in contempt. *Teachey v. Teachey*, 46 N.C. App. 332, 264 S.E. 2d 786 (1980). Here the findings of fact clearly show that defendant could take reasonable measures that would enable him to comply with the order of 24 November 1980, since he was making at least $1,000.00 per week and had real property investments valued at over $600,000.00.

[4] Defendant's third assignment of error questions the trial court's refusal to set aside the 26 January 1981 entry of default. Defendant argues that Rule 60(b)(1) of the North Carolina Rules of

Civil Procedure is applicable, since he has shown "excusable neglect" and a "meritorious defense."

Rule 60(b)(1) provides that

> *Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud, etc.* — On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) Mistake, inadvertence, surprise, or excusable neglect;

A motion for relief under Rule 60(b) is within the discretion of the trial court, and our review is limited to determining whether the court abused its discretion. *Harrington v. Harrington*, 38 N.C. App. 610, 248 S.E. 2d 460 (1978). We are of the opinion that under the facts in this case the trial court has not abused its discretion.

Although defendant's motion for relief from the judgment suggested that he was unable to attend either the 17 November 1980 hearing or the 24 February 1981 hearing because of important job commitments, the defendant ignored the fact that he delayed in seeking legal assistance until almost 6 months after plaintiff had filed her original complaint, and failed to submit a financial affidavit until 8 July 1981, over 7 months after the first hearing concerning child support. We find that defendant inexcusably neglected this serious legal matter and is therefore prevented from seeking relief under Rule 60(b)(1).

The fourth and final assignment of error challenges the validity of the 30 July 1981 order and the 21 September 1981 order. We find no reversible error in either.

[5] Defendant contends that the judge should have recused himself from further dealings with the parties before signing his order of 30 July 1981 in which he removed himself from hearing defendant's motions to reduce child support because of changed circumstances and to seek clarification of visitation rights. Since the 30 July 1981 order and all subsequent orders were made in a fair and impartial manner, we find no basis for defendant's argument that the judge committed reversible error by not disqualifying himself. *Perry v. Perry*, 33 N.C. App. 139, 234 S.E. 2d 449

(1977). Furthermore, while the trial judge may have acted improperly in continuing with the sale of defendant's real property after defendant perfected his appeal on .30 July 1981, no reversible error was committed since we find no error with the trial judge's order of 2 March 1981 permitting the sale of defendant's real property.

[6] However, we do find error with the 2 March 1981 order in that it awarded a monthly child support payment of $1100.00, when the plaintiff's prayer for relief in the complaint requested a monthly payment of only $1064.00. Under Rule 54(c) of the North Carolina Rules of Civil Procedure a default judgment cannot "exceed in amount that prayed for in the demand for judgment." Since the 2 March 1981 order was issued under the 26 January 1981 entry of default, the trial court could only award an amount not exceeding the sum certain stated in plaintiff's prayer for relief, which in this case was $1064.00.

For the foregoing reasons we find the trial court's judgments

Affirmed in part, reversed in part and remanded.

Judges ARNOLD and WHICHARD concur.