SANDRA BINDER RICE v. JAMES PATRICK RICE

No. 8525DC1262

(Filed 3 June 1986)

1. **Divorce and Alimony § 24.5— 60% increase in child support—insufficient findings**

    The trial court's order did not contain sufficient findings of fact and conclusions of law to warrant a 60% increase in child support payments over the amount agreed upon in the parties' separation agreement.

2. **Divorce and Alimony § 30— equitable distribution—order allowing further proceedings improper**

    The trial court erred in ordering that further proceedings could be held to accomplish an equitable distribution of marital property, since the court's

order upheld the validity of the parties' separation agreement, and the agreement specifically provided for the distribution of some of the parties' property and then released the rights of each in any property of the other.

APPEAL by defendant from *Tate, McDowell S., Judge.* Judgment entered 7 January 1985 in District Court, CATAWBA County. Heard in the Court of Appeals 7 March 1986.

Plaintiff, Sandra Bender Rice, and defendant, James Patrick Rice, were married to each other on 7 May 1964. There were two children born to the marriage, Glenda Patrice Rice and Eric Vandlandingham Rice. The parties separated from each other and on 7 July 1981 the parties executed a separation agreement that was drafted by plaintiff's counsel. Defendant was not represented by legal counsel at the time the separation agreement was entered into. The terms of the separation agreement recited, *inter alia,* as consideration "the mutual promises and covenants of the parties hereinafter set forth, and other good and valuable considerations, the receipt whereof is hereby respectively acknowledged by the parties." The agreement, in pertinent part, provided for (1) division of property, (2) the effect of reconciliation on the property settlement, (3) the mutual release of all personal and real property claims that the parties may have against each other or might acquire under any statute of distribution, right of election or otherwise, and (4) the joint custody and support of the parties' two children.

On 17 June 1982, plaintiff filed her complaint in case number 82CVD1150. Plaintiff's complaint averred three claims. Plaintiff claimed that she was a fit and proper person to have the care and custody of the minor children; that defendant substantially breached the parties' separation agreement; and that through the mutual mistake of the parties certain provisions were not included in the separation agreement. Plaintiff requested of the court, *inter alia,* that she be awarded custody of the minor children and reasonable child support; that the court declare whether defendant has substantially breached the separation agreement and whether plaintiff is still bound thereunder; and that the separation agreement be reformed to reflect the matters in plaintiff's third claim. On 30 August 1982, defendant answered plaintiff's complaint in case number 82CVD1150. Defendant, in his answer, made a motion to dismiss for failure to state a claim upon

which relief may be granted, pleaded fraud as an affirmative defense and generally denied all pertinent allegations of plaintiff's complaint. Defendant further answered and counterclaimed that plaintiff had made it impossible for him to exercise visitation privileges; that the separation agreement should be adjudicated as binding between the parties; and that the ownership of various items of silver and china should be adjudicated since said items were not made reference to in the separation agreement. Plaintiff, answering defendant's counterclaim, generally denied all pertinent allegations. On 26 October 1983, plaintiff amended her complaint alleging, among other things, a substantial change of circumstances had occurred from the time the separation agreement was entered into, to wit: the needs of the children had increased and defendant's income had increased. Plaintiff further alleged that defendant had refused to pay their daughter's college expenses as per the terms of the separation agreement; that on or about 5 November 1981, defendant procured plaintiff to sign a release for which there was no consideration ever paid. Defendant's answer to plaintiff's amended complaint averred that defendant had paid $3000.00 which was used to meet the college expenses of their daughter, even though the separation agreement did not require him to do so. Defendant generally denied all pertinent allegations of plaintiff's amended complaint. With respect to plaintiff's allegations about a release, defendant averred that plaintiff did release all claims to the Duo Drugstore which defendant acquired ownership of. Defendant averred that plaintiff was seeing a married man in the family's home, which he paid for, and therefore requested the court to inquire into the custody of their children.

On 25 October 1983, plaintiff filed her complaint seeking an absolute divorce from defendant and an order of equitable distribution of marital property (83CVD1957). Defendant, in answer, also requested an absolute divorce and an order of equitable distribution of property. However, defendant alleged that only certain items of personal property were not provided for in the separation agreement. On 22 December 1983, a partial judgment was entered granting plaintiff an absolute divorce from defendant (83CVD1792). The court specifically retained the cause for future determination of all other issues, including equitable distribution of marital property.

The parties consented to the consolidation of cases 82CVD 1150 and 83CVD1957 for trial without a jury. On 7 January 1985, the court ordered, *inter alia*, that defendant pay $800.00 per month child support for their son, Eric; and that at either parties' request further proceedings may be held to accomplish an equitable distribution of marital property, including the Duo Drugstore. Defendant appeals.

*Waddell, Mullinax & Childs, by Lewis E. Waddell, Jr., for defendant appellant.*

*Randy D. Duncan, for plaintiff appellee.*

JOHNSON, Judge.

[1] Defendant first argues that the trial court's order does not contain sufficient findings of fact and conclusions of law to warrant a sixty percent (60%) increase of child support payment over the amount agreed upon in the parties' separation agreement. We agree.

Our discussion of defendant's argument begins with a rejection of defendant's contention that plaintiff must show a substantial change of conditions from the time the separation agreement was entered into. *See generally Perry v. Perry*, 33 N.C. App. 139, 234 S.E. 2d 449, *disc. rev. denied*, 292 N.C. 730, 235 S.E. 2d 784 (1977). This Court in *Perry, supra, quoting Fuchs v. Fuchs*, 260 N.C. 635, 639, 133 S.E. 2d 487, 491 (1963), ruled as follows:

> No [separation] agreement between the parents will serve to deprive the court of its inherent authority to protect the interests and provide for the welfare of infants. Husband and wife 'may bind themselves by a separation agreement or by a consent judgment but they cannot withdraw children of the marriage from the protective custody of the court.'

*Perry, supra*, at 142-43, 234 S.E. 2d at 452. *Williams v. Williams*, 261 N.C. 48, 134 S.E. 2d 227 (1964), and *Perry, supra*, reject defendant's suggestion that the court must have made findings that there was a substantial change of circumstances from the time the parties entered into their separation agreement.

Defendant contends that the trial court abused its discretion by failing to make the requisite findings of fact and conclusions of

law in the court's order increasing defendant's child support payments from the amount the parties agreed to in their separation agreement. The statutory authority for an action for support of a minor child is G.S. 50-13.4, which states in pertinent part the following:

> (b) In the absence of pleading and proof that the circumstances otherwise warrant, the father and mother shall be primarily liable for the support of a minor child, and any other person, agency, organization or institution standing in loco parentis shall be secondarily liable for such support. Such other circumstances may include, but shall not be limited to, the relative ability of all the above-mentioned parties to provide support or the inability of one or more of them to provide support, and the needs and estate of the child. The judge may enter an order requiring any one or more of the above-mentioned parties to provide for the support of the child, as may be appropriate in the particular case, and if appropriate the court may authorize the application of any separate estate of the child to his support.
>
> (c) Payments ordered for the support of a minor child shall be in such amount as to meet the reasonable needs of the child for health, education, and maintenance, having due regard to the estates, earnings, conditions, accustomed standard of living of the child and the parties, the child care and home maker contributions of each party and other facts of the particular case.

G.S. 50-13.4. The trial court has great discretion in establishing the amount of payments toward the support of minor children. *Plott v. Plott*, 65 N.C. App. 657, 310 S.E. 2d 51 (1983), *modified*, 313 N.C. 63, 326 S.E. 2d 863 (1985).

The parties' separation agreement required defendant to pay not less than $500.00 per month as a total of child support for the two children. The trial court ordered that defendant shall pay $800.00 per month as support for his minor son Eric. This represents a $300.00 increase in support payments above the $500.00 monthly payments, which was for the support of two minor children. Since the parties' daughter is no longer a minor, defendant was not required to make child support payments for her benefit.

The following conclusion of law engendered the court's order requiring defendant to pay $800.00 for the support of his minor son:

> 3. A material and substantial change affecting the welfare of the minor son, Eric, has taken place with regard to his support, particularly the contribution toward that support which should be made by his father, defendant based upon:
>
> (a) Eric's increased age and greater needs;
>
> (b) Increases in costs of items needed for his support;
>
> (c) The loss by plaintiff of $250 per month formerly received from defendant for Glenda [the parties' daughter];
>
> (d) The added drain on plaintiff's resources caused by her trying to support a daughter in college; and
>
> (e) Defendant's increased earnings and property.

The finding by the court that plaintiff has lost $250.00 per month formerly received from defendant for Glenda is an improper consideration. Glenda is no longer a minor and her personal expenses should not serve as a basis for more than tripling the $250.00 child support payments for Eric, as agreed upon in the separation agreement, to $800.00. Moreover, we note that defendant had by the separation agreement manifested his intent to assist his daughter with her college expenses. Glenda became eighteen years of age on 31 October 1982. The court found as fact that the monthly expenses of Eric were $583.00. There are no specific findings with respect to what basis exists for the difference between the $583.00 monthly expenses of Eric and the $800.00 that the court ordered defendant to pay in child support payments for Eric. The court did find as fact that in the fall of 1983 defendant gave Glenda twelve undated checks, each in the amount of $250.00, and that defendant had withdrawn his financial support of his daughter because of the then pending litigation. It appears that this finding of fact, in part, engendered the court's conclusion of law that defendant had not breached the parties' separation agreement. Thus, the court concluded as a matter of law that plaintiff had lost the $250.00 per month payments contributed by defendant for the support of the emancipated child, Glenda; however, the findings of fact indicate that Glenda received and will continue to receive financial assistance from defendant. We hold

that the findings of fact in the instant case do not support the court's conclusions of law that defendant pay $800.00 per month for the support of Eric.

[2] Defendant next contends that the trial court erred in its order upholding the validity of the parties' separation agreement while at the same time ordering, "Further proceedings to accomplish an equitable distribution of marital property, including but not limited to the Duo Drugstore, will be scheduled upon request of either party." For reasons to follow we agree with defendant.

In *Perry, supra,* this Court recognized the binding effect of a valid separation agreement between the parties with respect to marital property rights. Also, in a recently filed opinion, this Court ruled that a separation agreement constituted a full and final settlement of all marital property. *See Hartman v. Hartman,* 80 N.C. App. 452, 342 S.E. 2d 11 (1986). The trial court in the instant case made conclusions of law in pertinent part as follows:

> 4. *The Separation Agreement is valid,* and should not be set aside nor modified. The difficulty with it lies not in any ambiguity but simply in its failure to take account of and deal with the most valuable property and assets of the parties.
>
> 5. Defendant has not breached the Separation Agreement.
>
> 6. The Release of 5 November 1981 should be set aside for failure of consideration.
>
> 7. Property owned by the parties on 7 July 1981 and not mentioned or dealt with in the Separation Agreement is subject to equitable distribution.

(Emphasis supplied.) The parties' separation agreement specifically provides for the distribution of some of the parties' property and then releases each other's rights as follows:

> 8. MUTUAL RELEASE OF ALL PROPERTY CLAIMS. Husband and wife grant, release, and forever quitclaim each to the other, *all right, title, interest, claim and demand whatsoever in the real estate* of which either is now seized or may hereafter become seized; *and each releases all rights* he or she now has

or may hereafter acquire *in the personal estate of the other, whether such rights arise under any statute of distribution* or by virtue of any right of election or otherwise. . . .

(Emphasis supplied.) In another section of the settlement agreement the parties renounce and release each other's estates from "*All other rights*, claims, demands and obligations *of every kind and character* for past and future support and maintenance *and for property settlement*." (Emphasis supplied.) Moreover, in the section entitled "Subsequent Divorce" the parties agreed that should a divorce be decreed, the separation agreement should be incorporated in, merged with and become a part of such decree. With respect to household goods the parties stated in their separation agreement, which was drafted, redrafted and finalized by plaintiff's counsel, that the parties had agreed upon a division of said household and kitchen furniture. The agreement further stated that "after the parties have divided the household and kitchen furniture and the husband has removed such furniture as has been assigned to him from their home, each party shall then become the individual owner of the household and kitchen furniture distributed to each of them." Without making reference to any of the releases or provisions from the separation agreement, quoted *supra*, the court found the following:

> The instrument recited that the parties had 'agreed upon the division of the household and kitchen furniture . . . accumulated by them during their married life,' but contained no other description of how this division either had been or would be carried out, and specifically disclaimed making or attempting any 'division of the personal property' other than 'household and kitchen furniture.' There is no mention anywhere in the document of the Duo Drug Store, stock certificates, bonds, bank accounts, silverware, china, jewelry, nor any other species of personal property except automobiles.

This finding by the court, in light of the explicit release contained in the agreement, is insufficient to support a conclusion of law that the separation agreement failed "to take account of and deal with the most valuable property and assets of the parties." In effect the court's order, contrary to its conclusion that the separation agreement should not be modified, removes the mutual

releases of the parties' rights which may accrue as a result of equitable distribution as set forth in the separation agreement, triples defendant's child support payments, and leaves intact defendant's agreement to pay the college expenses of the parties' children contingent upon his financial ability to do so. In *Blount v. Blount*, 72 N.C. App. 193, 323 S.E. 2d 738 (1984), *disc. rev. denied*, 313 N.C. 506, 329 S.E. 2d 389 (1985), this Court held that a separation agreement settled the property rights of the parties and barred a claim under equitable distribution where the parties had relinquished such a claim despite the absence in the agreement of a specific enumeration of the property in question. In accordance with *Blount, supra*, we hold that the trial court erred in ordering that further proceedings may be held to accomplish an equitable distribution of marital property.

In light of the foregoing we need not reach defendant's remaining exceptions to the trial court's order.

Reversed and remanded.

Judges BECTON and MARTIN concur.