BRYANT, Judge.
On 31 December 2003, the Durham County Department of Social Services (DSS) filed a Motion for Termination of the Parental Rights of L.C.[1] (respondent-father) to his three children, L.C. (II), I.C., and L.C. (III). A hearing on the motion was held before the Honorable James T. Hill on 27 April, 26-27 May and 4 June 2004. The parental rights of respondent-father regarding his three children were terminated by an order dated 2 September 2004. Respondent-father appeals.
The dispositive issue presented on appeal is whether the trial court's order failed to find any grounds upon which respondent-father's parental rights could be terminated. Proceedings to terminate parental rights have two phases, adjudicatory and dispositional. At the adjudicatory phase, the trial court takes evidence, makes findings of fact, and determines the existence or nonexistence of grounds for termination. N.C. Gen. Stat. § 7B-1109(e) (2003). At this stage, the trial court's decision must "be supported by clear, cogent and convincing evidence with the burden of proof on the petitioner." In re Locklear, 151 N.C. App. 573, 575, 566 S.E.2d 165, 166 (2002). "Failure to state that findings establishing those grounds were made by clear and convincing evidence constitutes error." In re Anderson, 151 N.C. App. 94, 98-99, 564 S.E.2d 599, 603 (2002). During the dispositional phase, if the trial court determined that "any one or more of the conditions authorizing a termination of the parental rights of a parent exist," it must order termination unless it further determines "the best interests of the juvenile require that the parental rights of the parent not be terminated." N.C. Gen. Stat. § 7B-1110(a) (2003).
Hearings on the termination of parental rights "shall be conducted by the court sitting without a jury." N.C. Gen. Stat. § 7B-1109(a) (2003). "In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment." N.C. Gen. Stat. § 1A-1, Rule 52(a)(1) (2003).
A "conclusion of law" is the court's statement of the law which is determinative of the matter at issue between the parties. A conclusion of law must be based on the facts found by the court and must be stated separately. The conclusions of law necessary to be stated are the conclusions which, under the facts found, are required by the law and from which the judgment is to result.
Montgomery v. Montgomery, 32 N.C. App. 154, 157, 231 S.E.2d 26, 28-29 (1977) (internal citations omitted).
In the instant case, the trial court's order contains the following conclusion of law:
4. As to the respondent father . . . the grounds upon which the petition for termination is filed are as follows:
a. The father has abused the children, and the children are abused children within the meaning of G.S. 7B-101(1).
b. The father has neglected the children and the children are neglected children within the meaning of G.S. 7B-101(15).
c. The father has willfully left the child sic in foster care for more than twelve (12) months without showing to the satisfaction of the court that reasonable progress under the circumstances has been made in correcting those conditions which led to the removal of the children.
d. The children have been placed in the custody of Durham DSS and their father, for a continuous period of six (6) months next preceding the filing of the petition, has willfully failed for such period to pay a reasonable portion of the cost of care for the children although physically and financially able to do so.
(Emphasis added.) The trial court then concluded it was in the best interests of the children that the parental rights of their father be terminated.
Section 7B-1109 of the North Carolina General Statutes mandates the trial court "adjudicate the existence or nonexistence of any of the circumstances set forth in G.S. 7B-1111 which authorize the termination of parental rights of the respondent." N.C. Gen. Stat. § 7B-1109(e) (2003). The trial court's Conclusion of Law Number Four does not determine the existence or nonexistence of grounds for termination and is therefore not determinative of the matter at issue. This conclusion of law merely reiterates "the grounds upon which the petition for termination was filed" and does not conclude that any of those grounds actually exist. Based upon Conclusion of Law Number Four, it cannot be determined whether the trial court correctly applied the law to its findings of fact. See Montgomery, 32 N.C. App. at 158, 231 S.E.2d at 29.
We note we could speculate from the record before this Court that the trial court was attempting to conclude as a matter of law that several grounds existed to terminate respondent's parental rights. However, the order appealed from does not contain sufficient conclusions of law to support its adjudicatory provisions. Accordingly, we must reverse and remand this matter to the trial court with instructions to enter an order containing conclusions of law consistent with N.C. Gen. Stat. § 7B-1109 if it determines the evidence in the adjudicatory hearing satisfies the required standard of proof. The trial court shall determine whether it is necessary to conduct an additional hearing.
Reversed and remanded.
Judges HUDSON and CALABRIA concur.
Report per Rule 30(e).

Initials have been used throughout to protect the identity of the juveniles.