WILLIAM H. DIXON v. ANNE C. DIXON

No. 834DC295

(Filed 6 March 1984)

1. **Divorce and Alimony § 25.11— award of custody—insufficient findings—findings unsupported by evidence**

    The findings of fact in an order awarding custody of the minor child to defendant-wife were not supported by competent evidence and failed to treat an important question raised by the evidence. There was no support for the findings concerning defendant's work schedule and housekeeping abilities, her enrollment in various parent training programs, or support for the finding that the child is "active in school and extracurricular activities" since the child was

preschool age at the time of the custody hearing. Further, there was evidence that defendant abused the minor child, and the only findings of fact potentially addressing this issue were the findings that defendant enrolled in two courses designed to improve her knowledge and understanding of how to cope with physiological, psychological, nutritional and medical problems associated with child rearing, and further findings that defendant stated she now uses "less force" in dealing with her son, and that she intends to continue whatever further training might be necessary to make her a better mother.

**2. Divorce and Alimony § 24.11— award of child support—no abuse of discretion**

An award of child support in a custody order which was based upon affidavits of the respective parties was not a gross abuse of judicial discretion amounting to reversible error since evidence of the minor child's reasonable needs and expenses, and evidence of the plaintiff's ability to pay were presented and duly considered by the court.

APPEAL by plaintiff from *Martin (James N.), Judge.* Orders entered 27 May 1982 and 4 October 1982 (two orders) in District Court, ONSLOW County. Heard in the Court of Appeals 13 February 1984.

This is an action brought by plaintiff for absolute divorce and custody of one child born of the marriage. At the time the action was brought the parties had separated and at some point after their separation entered into a written separation agreement which gave one-year temporary custody of the child to the plaintiff. Defendant filed an answer and counterclaim for divorce from bed and board, custody, child support and alimony. Plaintiff subsequently obtained an absolute divorce from the defendant in another action. A hearing was held on the issues of child support and custody on 27 February and 11 March 1981 and the court entered its order on 9 April 1981 awarding custody to the defendant and ordering plaintiff to pay $300.00 per month in child support.

This order was the subject of the first appeal in this matter. In an unpublished opinion, this Court concluded that the order did not contain sufficient findings of fact to support the conclusion of law that it would be in the minor child's best interest to award the defendant custody, and that there was insufficient evidence to support the finding of fact pertaining to the child's reasonable financial needs. The Court vacated this original order and remanded the case for further findings and a hearing on the child's needs and expenses.

After its custody order was vacated, the trial court issued an order for rehearing on 23 April 1982 on the issue of the child's reasonable financial needs, which order also awarded temporary custody of the minor child to defendant pending further order of the court. The parties then submitted affidavits of financial standing, and stipulated that the court might resolve the issue of child support based on those affidavits alone. On 27 May 1982, the court issued a new order containing additional findings of fact and additional conclusions of law, based on the court's recollection of evidence taken at the original hearing, such recollection being refreshed by notes taken by the court during the proceedings. This order again awarded custody of the child to defendant, and also ordered that $300.00 per month be paid by plaintiff as child support.

After this order was entered plaintiff moved for a new trial, moved that the 23 April 1982 order be vacated in that the court was without jurisdiction to award temporary custody, and also issued a subpoena to Judge Martin ordering him to produce the notes he took at the hearing and which he used to refresh his memory of the evidence produced at the hearing in order to write the 27 May 1981 custody and support order. Judge E. Alex Erwin, III subsequently issued an order quashing the subpoena pursuant to defendant's motion and also issued two orders on 4 October 1982 denying plaintiff's motions for a new trial and declining to vacate the 23 April 1982 order.

Plaintiff appeals from Judge Martin's 27 May 1982 order and from Judge Erwin's 4 October 1982 orders.

*Gene B. Gurganus, for plaintiff appellant.*

*Earl C. Collins, for defendant appellee.*

VAUGHN, Chief Judge.

[1]    The primary issue in this appeal is as follows: In the 27 May 1982 order awarding custody of the minor child to the defendant, are the trial judge's findings of fact supported by competent evidence such that the award of custody will not be disturbed on appeal? After a careful examination of the evidence as set forth in the record, we are compelled to answer this question in the negative. The order must be vacated because important findings

of fact are unsupported by the evidence, and because a crucial issue raised by the evidence and bearing directly upon the question of custody, that is, defendant's history of child abuse, was never adequately resolved by the trial court in its order.

The law in North Carolina regarding the awarding of custody of minor children was well-summarized by former Chief Judge Morris in *Green v. Green*, 54 N.C. App. 571, 284 S.E. 2d 171 (1981):

> G.S. 50-13.2(a) provides that an order for custody of a minor child "shall award the custody of such child to such person, . . . as will, in the opinion of the judge, best promote the interest and welfare of the child." This provision codified the rule declared many times by the North Carolina Supreme Court that in custody cases the welfare of the child is the polar [sic] star by which the court's decision must be governed. . . . The judgment of the trial court should contain findings of fact which sustain the conclusion of law that custody of the child is awarded to the person who will best promote the interest and welfare of the child. . . . While the welfare of the child is always to be treated as the paramount consideration, . . . wide discretionary power is vested in the trial judge. . . . The normal rule in regard to the custody of children is that where there is competent evidence to support a judge's finding of fact, a judgment supported by such findings will not be disturbed on appeal. . . . The facts found must be adequate for the appellate court to determine that the judgment is sustained by competent evidence, however. . . .

*Id.* at 572-3, 284 S.E. 2d at 173. (Citations omitted.)

That the findings of the trial judge regarding custody and support are conclusive when supported by competent evidence, *Hampton v. Hampton*, 29 N.C. App. 342, 224 S.E. 2d 197 (1976), is true even when the evidence is conflicting, *Crosby v. Crosby*, 272 N.C. 235, 158 S.E. 2d 77 (1967), the standard for disturbing the trial judge's decision on appeal being "a clear showing of abuse of discretion." *King v. Demo*, 40 N.C. App. 661, 668, 253 S.E. 2d 616, 621 (1979). Put otherwise, a custody order is fatally defective where it fails to make detailed findings of fact from which an appellate court can determine that the order is in the best interest

of the child, *Swicegood v. Swicegood,* 270 N.C. 278, 154 S.E. 2d 324 (1967), and custody orders are routinely vacated where the "findings of fact" consist of mere conclusory statements that the party being awarded custody is a fit and proper person to have custody and that it will be in the best interest of the child to award custody to that person. *See, e.g., Hunt v. Hunt,* 29 N.C. App. 380, 224 S.E. 2d 270 (1976); *Austin v. Austin,* 12 N.C. App. 286, 183 S.E. 2d 420 (1971). A custody order will also be vacated where the findings of fact are too meager to support the award. *Montgomery v. Montgomery,* 32 N.C. App. 154, 231 S.E. 2d 26 (1977).

A custody order may contain extensive findings of fact and still be fatally defective — when the findings of fact are not supported by the evidence. The 27 May 1982 order is defective in precisely that regard. Furthermore, the order fails to deal with evidence pertaining to defendant's history of child abuse, and an order for custody will also be deemed fatally defective when it fails to treat an important question raised by the evidence.

As to the first defect, an examination of the evidence adduced at the custody hearing reveals that a number of Judge Martin's findings of fact have no foundation in that evidence. For example, this Court finds no support for the findings concerning defendant's work schedule and housekeeping abilities, or for the finding that her enrollment in various parent training programs enhanced her parenting abilities, the evidence only showing that she took the courses. Nor is there support for the finding that the child is "active in school and in extracurricular activities," the child having been of preschool age at the time of the custody hearings. These findings appear to be just the sort of "ritualistic recitations" discouraged by this Court in *Montgomery v. Montgomery, supra.*

In *Green v. Green, supra,* the court vacated a custody order where the court concluded after an examination of the record that a number of findings of fact were unsupported by the competent evidence, and that the remaining findings were insufficient to support the conclusion that it was in the child's best interest to award custody to her father. Likewise at bar, once the unsupported findings are removed from the court's consideration, the remaining findings of fact do not support the award of custody to the defendant.

As to the second ground on which the order can be vacated, the findings in a custody order "bearing on the party's fitness to have care, custody, and control of the child and the findings as to the best interests of the child must resolve all questions raised by the evidence pertaining thereto." *In re Kowalzek*, 37 N.C. App. 364, 370, 246 S.E. 2d 45, 48 (1978). In *Kowalzek*, the court found that questions concerning the wife's leaving her husband and child, and her subsequent failure to inquire about her child for several months after being notified of her husband's death were not resolved in the order awarding her custody, and the order was vacated.

At bar, there is evidence that defendant abused the minor child. Plaintiff testified that defendant had started abusing the child when it was an infant, that he once observed her jabbing the child's buttocks with a diaper pin, and several times returned home from work to find defendant beating their child. Two former baby-sitters for the child gave testimony relating to the defendant's abuse of her child, and both of defendant's parents testified that defendant was too strict with her son, although they denied ever having seen evidence of mistreatment. According to a letter to the court from the Onslow County Department of Social Services, which letter evaluated each parent's fitness for custody, the department had received three child abuse reports on the defendant, two of which were substantiated.

The only findings of fact potentially addressing the defendant's tendency to corporally punish her child in an abusive way is the finding that defendant enrolled in two courses designed to improve her knowledge and understanding of how to cope with physiological, psychological, nutritional and medical problems associated with child rearing, and further findings that defendant stated she now uses "less force" in dealing with her son, and that she intends to continue whatever further training might be necessary to make her a better mother.

Any evidence of child abuse is of the utmost concern in determining whether granting custody to a particular party will best promote the interest and welfare of the child, and it is clear that the findings of fact at bar do not adequately resolve the issue of child abuse raised by the evidence in the record. We do not here imply that the evidence establishes that defendant is

currently abusing her child, nor do we hold that any evidence of child abuse means that the abusing parent has permanently forfeited any right to ever gain custody. We do hold, however, that the nature of child abuse, it being such a terrible fate to befall a child, obligates a trial court to resolve any evidence of it in its findings of fact. This was not done and the order is therefore vacated and the case remanded for a *new hearing* on the issue of custody.

[2]   Although the errors of the trial court in awarding custody alone demand that the order be vacated and the case remanded for a new hearing, we will also treat here plaintiff's assignment of error concerning child support so that the trial court will be guided by proper authority in setting child support in its new order.

In *Poston v. Poston*, 40 N.C. App. 210, 252 S.E. 2d 240 (1979), our Court vacated a support order, stating that

> [t]o support an award of payment for support, the judgment of the trial court should contain findings of fact which sustain the conclusions of law that the support payments ordered are in "such amounts as to meet the reasonable needs of the child for health, education, and maintenance, having due regard to the estates, earnings, conditions, accustomed standard of living of the child and the parties, and other facts of the particular case."

*Id.* at 212, 252 S.E. 2d at 241 (*quoting* G.S. 50-13.4(c) (citations omitted)). The standard for reviewing child support orders resembles that for reviewing awards of custody, in that the amount of child support allowed by the trial judge will be disturbed only when there is an abuse of discretion. *Sawyer v. Sawyer*, 21 N.C. App. 293, 204 S.E. 2d 224, *cert. denied*, 285 N.C. 591, 205 S.E. 2d 723 (1974). *Accord, Evans v. Craddock*, 61 N.C. App. 438, 440-1, 300 S.E. 2d 908, 910 (1983) (uphold child support order if competent evidence supports it, even if there is conflicting evidence).

Although the survival of the child support portion of Judge Martin's order upon remand will depend on the award of custody at rehearing, we note that the award of child support in the 27 May 1982 order in the amount of $300.00 per month based upon the affidavits of the respective parties was not a gross abuse of

judicial discretion amounting to reversible error. An order for child support will necessarily be vacated where there is no evidence offered as to a party's ability to pay, *Williams v. Williams*, 18 N.C. App. 635, 637, 197 S.E. 2d 629, 630 (1973), or where there is no evidence as to the child's needs and expenses. *Gordon v. Gordon*, 46 N.C. App. 495, 265 S.E. 2d 425 (1980) (party presented evidence of needs and expenses of only one of two children for whom support was sought).

This was not the case at bar, where evidence of the minor child's reasonable needs and expenses, and evidence of the plaintiff's ability to pay were presented and duly considered by the court. Plaintiff's argument that defendant's affidavit does not contain the child's "actual past expenditures," *see Steele v. Steele*, 36 N.C. App. 601, 244 S.E. 2d 466 (1978), must fail.

Defendant's 4 May 1982 affidavit was for estimated monthly expenses on 27 February 1981, the initial date on which the custody and support hearing was held. The fact that the minor child was not actually living with the defendant on that date is not dispositive. First, some of the expenditures listed in defendant's affidavit were presumably actual, such as rent, car payment and other fixed monthly expenses. Second, the child had resided with his parents until their April 1980 separation, and continued to visit with the defendant thereafter. Defendant thus had an ample and actual factual basis on which to base the figures contained in her affidavit. *See Falls v. Falls*, 52 N.C. App. 203, 214, 278 S.E. 2d 546, 554, *review denied*, 304 N.C. 390, 285 S.E. 2d 831 (1981) ("Although the wife admitted that the monthly figures in her affidavit include amounts which do not represent actual present expenditures such as summer camp which the children may or may not attend, that testimony does not vitiate the award").

Our resolution of the assignments of error concerning custody and child support disposes of this appeal, and it will therefore not be necessary to consider plaintiff's other assignments of error.

Vacated and remanded.

Judges WEBB and JOHNSON concur.