ZACHARY, Judge.
 

 *234
 
 Emily Burger (plaintiff) appeals from a permanent child custody order awarding her the primary physical care and custody of the parties' minor child and Matthew Smith (defendant) secondary physical care and custody with visitation privileges with the parties' minor child. On appeal, plaintiff argues that the trial court erred and abused its discretion in the trial court's award of visitation privileges to defendant. We disagree.
 

 I. Background
 

 Defendant is a Canadian citizen and resident of Ontario. Plaintiff is a resident of Brunswick County, North Carolina. In 2006 defendant traveled to Malawi, Africa, to work as a construction manager for a
 
 *235
 
 missionary group. In addition to construction work, defendant assisted with the mission's orphanage and worked with the children in the mission's care. Defendant has a long-term personal and religious commitment to his work in Malawi. In 2010 plaintiff traveled to Malawi to teach English at the orphanage. Initially, plaintiff volunteered for a three month term; later, she and defendant began a romantic relationship and plaintiff decided to remain in Malawi indefinitely. On 29 August 2011, plaintiff and defendant held a marriage ceremony in Malawi. On 15 October 2011, they were married in North Carolina and then returned to Malawi. In 2012, the parties conceived a child while living in Malawi. They traveled to the United States for the birth of their son, which occurred on 24 January 2013, and in April 2013 the family returned to Malawi.
 

 On 9 July 2013, when the parties' son was about six months old, plaintiff returned to North Carolina with the child. On 14 September 2013, plaintiff informed defendant that she wanted to separate. On 17 January 2014, plaintiff filed a complaint seeking sole custody of the child, asking the court to order that defendant have no overnight visits with the child until he was two years old, and requesting that all visitation between defendant and the child take place in North Carolina. On 5 February 2014, defendant filed an answer, a motion to dismiss plaintiff's complaint for lack of jurisdiction, and a counterclaim for custody of the child. On 23 April 2014, the trial court entered an order denying defendant's motion to dismiss plaintiff's complaint. Following a hearing conducted on 7 March 2014, the trial court entered a temporary custody order on 9 May 2014. In its temporary custody order the trial court awarded the parties joint custody of the child, with plaintiff to have primary physical custody and defendant secondary physical custody with visitation privileges. The order also provided that defendant was not to take the child to Malawi. On 2 June 2014, defendant filed a motion to show cause asserting that plaintiff was in contempt of the temporary custody order by failing to allow him visitation with the child as ordered by the court. On 9 June 2014, the trial court granted plaintiff's motion for psychological evaluations of the parties.
 

 On 7 August 2014, the trial court conducted a hearing on the issue of permanent child custody and on defendant's show cause motion. On 29 August 2014, the trial court entered an order denying defendant's motion to show cause and awarding the parties joint legal care and custody of the child. The court awarded plaintiff primary physical care and custody of the parties' minor child, and defendant secondary physical care and custody of the minor child, with visitation privileges. Additional details of the trial court's order are discussed below. Plaintiff has appealed from the permanent custody order.
 

 *236
 

 II. Standard of Review
 

 The standard of review "when the trial court sits without a jury is 'whether there was competent evidence to support the trial court's findings of fact and whether its conclusions of law were proper in light of such facts.' "
 

 *889
 

 Barker v. Barker,
 

 228 N.C.App. 362
 
 , 363,
 
 745 S.E.2d 910
 
 , 912 (2013) (quoting
 
 Shear v. Stevens Building Co.,
 

 107 N.C.App. 154
 
 , 160,
 
 418 S.E.2d 841
 
 , 845 (1992) ). "In a child custody case, the trial court's findings of fact are conclusive on appeal if supported by substantial evidence, even if there is sufficient evidence to support contrary findings.... Unchallenged findings of fact are binding on appeal."
 
 Peters v. Pennington,
 

 210 N.C.App. 1
 
 , 12-13,
 
 707 S.E.2d 724
 
 , 733 (2011) (citing
 
 Koufman v. Koufman,
 

 330 N.C. 93
 
 , 97,
 
 408 S.E.2d 729
 
 , 731 (1991) ) (other citation omitted). "Whether [the trial court's] findings of fact support [its] conclusions of law is reviewable
 
 de novo.
 
 "
 
 Hall v. Hall,
 

 188 N.C.App. 527
 
 , 530,
 
 655 S.E.2d 901
 
 , 904 (2008) (citation omitted). " 'If the trial court's uncontested findings of fact support its conclusions of law, we must affirm the trial court's order.' "
 
 Respess v. Respess,
 
 --- N.C.App. ----, ----,
 
 754 S.E.2d 691
 
 , 695 (2014) (quoting
 
 Mussa v. Palmer-Mussa,
 

 366 N.C. 185
 
 , 191,
 
 731 S.E.2d 404
 
 , 409 (2012) ).
 

 In addition, "[i]t is a long-standing rule that the trial court is vested with broad discretion in cases involving child custody."
 
 Pulliam v. Smith,
 

 348 N.C. 616
 
 , 624,
 
 501 S.E.2d 898
 
 , 902 (1998) (citation omitted). "A trial court may be reversed for abuse of discretion only upon a showing that its actions are manifestly unsupported by reason ... [or] upon a showing that [its order] was so arbitrary that it could not have been the result of a reasoned decision."
 
 White v. White,
 

 312 N.C. 770
 
 , 777,
 
 324 S.E.2d 829
 
 , 833 (1985) (citation omitted).
 

 III. Discussion
 

 A. Introduction
 

 As a preliminary matter, it is helpful to clarify the extent of plaintiff's challenge to the permanent custody order. Plaintiff does not assert that the trial court erred by awarding the parties joint legal custody, by giving plaintiff primary physical custody and defendant secondary physical custody with visitation privileges, or by concluding that it was in the child's best interest to have visitation with defendant. Plaintiff's sole challenge on appeal is to certain features of the trial court's order respecting defendant's visitation with the child. Specifically, plaintiff challenges the provisions that establish the visitation schedule and that allow defendant to exercise visitation with the minor child in Malawi. Because plaintiff does not contend that the trial court's findings of fact
 
 *237
 
 were not supported by record evidence, the trial court's findings of fact are conclusively established on appeal. Therefore, the issue before this Court is whether the trial court's findings of fact support its conclusions of law and the provisions of its order with regard to the trial court's award of visitation.
 

 B. Defendant's Discretion to Exercise Visitation in Malawi
 

 Plaintiff argues first that the trial court erred by allowing defendant discretion to exercise his visitation privileges with the child in Malawi. Plaintiff contends that some of the trial court's findings of fact are simply recitations of witness testimony, that the trial court's findings of fact do not reflect its consideration of the dangers of Malawi, and that the trial court's findings of fact cannot support an "ultimate finding" or conclusion of law "that it is in the best interest of the minor child to travel to Malawi." We conclude that the trial court was not required to make a finding or conclusion that "travel to Malawi" was, as an abstract proposition, in the child's best interest. Instead, the trial court's task was to fashion a custody arrangement that was in the child's best interest in the context of the extremely unusual factual circumstances of the parties' lives. We further conclude that, disregarding any findings that consisted of a summary of witness testimony, the trial court's remaining findings of fact demonstrate its consideration of the possible dangers of travel to Malawi and reflect an appropriate custody award, including the trial court's award of visitation.
 

 Under N.C. Gen.Stat. § 50-13.1(a) "the word 'custody' shall be deemed to include custody or visitation or both."
 

 *890
 
 N.C. Gen.Stat. § 50-13.2(a) provides in relevant part that:
 

 An order for custody of a minor child ... shall award the custody of such child to such person ... as will best promote the interest and welfare of the child. In making the determination, the court shall consider all relevant factors ... and shall make findings accordingly. An order for custody must include findings of fact which support the determination of what is in the best interest of the child.
 

 Moreover, it is undisputed that:
 

 Findings of fact as to the characteristics of the competing parties must be made to support the necessary conclusions of law. These findings may concern physical, mental, or financial fitness or any other factors brought out by the evidence and relevant to the issue of the welfare of the child.
 

 *238
 

 Steele v. Steele,
 

 36 N.C.App. 601
 
 , 604,
 
 244 S.E.2d 466
 
 , 468 (1978). Regarding the necessity for findings, N.C. Gen.Stat. § 1A-1 Rule 52(a)(1) provides in relevant part that in "all actions tried upon the facts without a jury" the trial court "shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment." In
 
 Quick v. Quick,
 

 305 N.C. 446
 
 , 451,
 
 290 S.E.2d 653
 
 , 657 (1982), however, our Supreme Court held that
 

 Rule 52(a) does not, of course, require the trial court to recite in its order all evidentiary facts presented at hearing. The facts required to be found specially are those material and ultimate facts from which it can be determined whether the findings are supported by the evidence and whether they support the conclusions of law reached.... "There are two kinds of facts: Ultimate facts, and evidentiary facts. Ultimate facts are the final facts required to establish the plaintiff's cause of action or the defendant's defense, and evidentiary facts are those subsidiary facts required to prove the ultimate facts. [ N.C. Gen.Stat. § 1A-1 Rule 52(a) ] requires the trial judge to find and state the ultimate facts only."
 

 (quoting
 
 Woodard v. Mordecai,
 

 234 N.C. 463
 
 , 472,
 
 67 S.E.2d 639
 
 , 645 (1951) (internal citations omitted)). Thus, "[a]lthough a custody order need not, and should not, include findings as to each piece of evidence presented at trial, it must resolve the material, disputed issues raised by the evidence."
 
 Carpenter v. Carpenter,
 

 225 N.C.App. 269
 
 , 273,
 
 737 S.E.2d 783
 
 , 787 (2013). Applying Rule 52 in the context of visitation rights in a child custody order, we have held that "[t]o support an award of visitation rights the judgment of the trial court should contain findings of fact which sustain the conclusion of law that the party is a fit person to visit the child and that such visitation rights are in the best interest of the child."
 
 Montgomery v. Montgomery,
 

 32 N.C.App. 154
 
 , 157,
 
 231 S.E.2d 26
 
 , 29 (1977) (citations omitted).
 

 In this case, the trial court's conclusions of law included, in relevant part, the following:
 

 1. That Plaintiff and Defendant are properly before this Court; that the Court has jurisdiction over the parties and of the subject matter; and that the claim for child custody was properly filed and noticed for hearing in this matter.
 

 2. Joint legal care and custody of the minor child is appropriate and in the best interests of the minor child.
 

 *239
 
 3. Plaintiff is a fit and proper person to exercise primary care and custody of the minor child.
 

 4. Defendant is a fit and proper person to exercise secondary care and custody of the minor child, by way of visitation.
 

 5. The visitation schedules and provisions ordered herein below are reasonable, the parties are fit and appropriate to exercise the visitation as ordered, and the visitation is in the best interests of the minor child.
 

 We conclude that the trial court made the appropriate conclusions of law required under N.C. Gen.Stat. § 50-13.2. On appeal, plaintiff challenges only Conclusion of Law No. 5, respecting visitation, arguing that the trial court's findings of fact do not support this Conclusion. We have carefully considered,
 
 *891
 
 but ultimately rejected, plaintiff's arguments concerning the trial court's findings and conclusions.
 

 " '[T]he trial courts have the duty to decide domestic disputes, guided always by the best interests of the child and judicial objectivity. To that end, trial courts possess broad discretion to fashion custodial and visitation arrangements appropriate to the particular, often difficult, domestic situations before them.' "
 
 Lovallo v. Sabato,
 

 216 N.C.App. 281
 
 , 285,
 
 715 S.E.2d 909
 
 , 912 (2011) (quoting
 
 Glesner v. Dembrosky,
 

 73 N.C.App. 594
 
 , 598,
 
 327 S.E.2d 60
 
 , 63 (1985) ) (internal citation omitted). In this case, it is important to remember that the trial court's decision to allow defendant to exercise visitation with the child in Malawi was reached in the context of the extraordinarily uncommon circumstances of the parties' relationship. It is not disputed that plaintiff and defendant met when plaintiff traveled to Malawi to teach English at the mission where defendant had been living and working for several years. Plaintiff became involved with defendant, a Canadian citizen who has a long term commitment to his work in Africa. Plaintiff remained in Malawi and the parties conducted a wedding ceremony in Malawi as well as in North Carolina. Their child was conceived in Malawi and, after returning to the United States for his birth, the family went back to Malawi. The child lived in Malawi until he was about six months old, with no ill effects reported by either party. Plaintiff then decided to separate from defendant and live in Brunswick County, North Carolina. On appeal, plaintiff argues that the trial court erred by allowing defendant the option of exercising his right to visitation with the minor child in Malawi. Plaintiff fails to acknowledge that the factual circumstances of the parties' lives, which arose from their personal decisions, would not permit a conventional
 
 *240
 
 visitation schedule in which, for example, defendant had visitation with the child every Wednesday and every other weekend.
 

 Essentially, plaintiff argues that the trial court's findings of fact do not demonstrate proper consideration of the dangers of allowing defendant to take the child to Malawi. We do not agree. Plaintiff urges that in resolving this issue we must disregard findings that consist of recitation of witness testimony without making findings based on that testimony. We conclude that the following findings, which do not consist of the recitation of witness testimony, establish that the trial court considered the factors relevant to the child's best interest, including the characteristics of the parties and the plaintiff's concerns about the child's travel to Malawi:
 

 1. Plaintiff is a citizen and resident of Brunswick County, North Carolina, and has resided [there] since July 9, 2013[.] ...
 

 2. Defendant is a citizen and resident of Canada, residing ... [in Ontario], Canada.
 

 3. The Defendant went to Malawi, Africa to work for Iris Ministries Africa on a full time basis in 2006 as a missionary, working as a construction manager. In addition to that work he has assisted in the care of children living at the orphanage and/or attending school there, serving as a role model and mentor.
 

 4. The parties met in January of 2010 when the Plaintiff went to volunteer at the orphanage in Malawi for three (3) months to teach English. Plaintiff then decided to stay on as a full-time missionary and teacher, and did so until July 2013.
 

 5. Plaintiff and Defendant held a marriage ceremony on August 29, 2011 in Malawi, Africa. The parties ... were [also] married in Brunswick County, North Carolina on October 15, 2011.... The parties have lived separate and apart since July 9, 2013 ... [and have] stipulated that they separated for purposes of divorce on September 14, 2013, the date Plaintiff notified Defendant that she wanted a separation.
 

 6. There was one (1) minor child born of the marriage of Plaintiff and Defendant, to wit: Eli James Smith, born on January 24, 2013, in the state of Maryland....
 

 *241
 
 7. The parties' minor child has resided with Plaintiff in Brunswick County, North
 
 *892
 
 Carolina since July 9, 2013, ... [and] North Carolina is the home state of the minor child.
 

 8. The parties remained in the state of Maryland from the minor child's birth until March 1, 2013[, and then stayed] ... for a month with the Defendant's parents in [Canada.] ... [On April 8, 2013] they flew back to Malawi.
 

 9. On July 9, 2013, the Plaintiff returned to the United States with the minor child, with the Defendant planning to follow a few weeks later[.] ...
 

 10. On August 16, 2013, Plaintiff notified Defendant by Email that she had decided that she could not return with the child to Malawi. From August 24-31, 2013, the Defendant travelled to Ocean Isle Beach, North Carolina, and had daytime visits with Plaintiff and [the] minor child, who at that time was seven months old.
 

 11. From August 2013 until May 15, 2014, Defendant continued to reside at his parents' home in Canada. He then returned to Malawi for four weeks.
 

 12. On September 14, 2013, the Plaintiff expressed to Defendant her desire to separate. The Defendant returned to Brunswick County, North Carolina to visit with the minor child from November 9-23, 2013. At this time, Plaintiff arranged for him to have daily daytime visits ranging from three to six hours in length with the baby but refused any overnight visits, citing the fact that the baby still was nursing at night. Defendant had no choice but to oblige with any and all of her demands.
 

 ...
 

 14. By agreement of the Defendant, Plaintiff has been breastfeeding the minor child since birth. She has been the child's primary caregiver since birth. During the three months the child resided with both parties in Malawi, Plaintiff didn't work but rather devoted herself full-time to the child's care....
 

 15. The court conducted a temporary hearing on March 7, 2014.... The Court's Order, entered on May 9, 2014, placed the minor child in the parties' temporary joint legal custody
 
 *242
 
 and ordered that Defendant would visit for ten days each month with fourteen days written notice to Plaintiff of the dates he wished to visit The visits were to occur within either the United States or Canada and Defendant was ordered not to take the minor child to Malawi during the term of the temporary custody order.
 

 16. After the temporary custody hearing, Defendant opted to remain in Canada rather than return to his work in Malawi in order to exercise all visitations that were allowed to him under the Order.
 

 17. Pursuant to the Temporary Order, Defendant had the minor child for a seven-day visit here in North Carolina from March 9-16[.] ... Defendant then had the minor child for visitation with him in Canada from March 20th through March 27th, and April 17th through April 27th.
 

 18. Pursuant to the Temporary Order, Defendant notified Plaintiff that he wished to have his May visit from May 3 to May 13, 2014. Plaintiff objected ... [and] refused to allow the Defendant to exercise his visitation as ordered....
 

 19. Plaintiff did allow the Defendant to exercise his visitation for the months of June and July.
 

 20. Since March of 2014, Defendant has incurred approximately $5,500.00 in travel expenses to exercise his visitation with the minor child.
 

 21. The minor child has been more "clingy" with the Plaintiff after the ten (10) day visits with the Defendant[.] ...
 

 22. The Plaintiff is 26 years old. Plaintiff graduated from college in December 2009[, and] was employed ... as a Teacher's Assistant from April until June, 2014, earning high praises from ... a first grade teacher at the school who testified on Plaintiff's behalf. Plaintiff will begin working as a Teacher's Assistant ... for this upcoming school year, and has enrolled in graduate school ... to earn a Master's degree in teaching.
 

 *893
 
 23. Plaintiff has a close and loving relationship with her parents, with whom she has resided in a very nice home in Ocean Isle Beach, North Carolina since ... July 2013. Plaintiff is scheduled to move into a two (2) bedroom
 
 *243
 
 condo she will be renting in the same neighborhood as her current residence[.] ...
 

 24. The Defendant is 36 years old. He is a citizen of Canada, but has been living in Malawi since 2006. Defendant testified that his faith is extremely important to him, and that he has been involved in church and church activities all of his life. Defendant appears to be a man of character, integrity, and commitment, who has a strong love for the less fortunate.
 

 25. Defendant has a close and loving relationship with his parents. His parents have been married to each other for forty-four (44) years and reside in Canada.
 

 26. Defendant has always demonstrated a strong commitment to his family and marriage.
 

 ...
 

 28. Plaintiff is concerned about the minor child traveling to Malawi to visit with the Defendant due to health reasons, parasite disease, the threat of malaria, the presence of poisonous snakes, extreme heat, and the unreliability of the hospitals located there. When the parties lived together with the minor child in Malawi, they took extra precautions to guard themselves against mosquitos[.] ...
 

 29. The Court believes that Defendant will provide carefully for the protection and safety of the minor child if visitation is allowed in Malawi.
 

 30. Malawi does have a high death rate for infants and children as compared to [the] United States. Malaria is common in Malawi ... [and the] U.S. State Department recommends that travelers to Malawi take a course of Malaria prophylaxis medication which should be initiated prior to travel and taken while there. It is recommended that the minor child be vaccinated for Hepatitis A, Hepatitis B, rabies and typhoid before any visits to Malawi.
 

 31. The healthcare is not as good in Malawi as it is in the United States.
 

 32. Defendant is a citizen of Canada, and due to the immigration laws of the United States, relocating to North Carolina to be closer to the child is not an option for him.
 

 *244
 
 33. The Plaintiff is currently breastfeeding the minor child and has been doing so since his birth.
 

 ...
 

 37. Plaintiff made allegations that Defendant had anger management issues and requested a psychological evaluation of both parties. Plaintiff testified that she separated from the Defendant due to him being controlling, angry, impossible to please, and having rages toward her during the marriage, however the court did not find this testimony persuasive....
 

 ...
 

 43. Both parties are excellent parents and both have provided exceptional care for the minor child. Both parties have strong support systems from family and friends. Both parties had adequate housing arrangements. Both parties are very connected to the minor child.
 

 44. Both parties are fit and proper persons to have custody of the minor child. It is in the child's best interest to be placed in the primary physical custody of the Plaintiff-Mother, with the Defendant-Father having secondary physical custody by way of visitation.
 

 We hold that the trial court's findings demonstrate its evaluation of a complex and unusual domestic situation and reflect appropriate awareness of the possible dangers to the child of travel to Malawi. In the decretal portion of its order the trial court further demonstrated its concern for the child's health and safety by directing in relevant part that:
 

 6. During the times that the minor child is in the custody of the Defendant, it is at
 
 *894
 
 the Defendant's discretion whether he wants to have the visit take place in Canada or Malawi. If he chooses to bring the minor child to Malawi, Defendant is to take all necessary precautions that have previously been taken for protection of the child.
 

 7. Plaintiff is to have the minor child vaccinated in order to prepare for his trip to Africa, if the Defendant shall choose to exercise his visitation in Malawi.
 

 ...
 

 *245
 
 14. Both parties shall keep the other party apprised of the minor child's medical conditions, treatment, and any other relevant information pertaining to the child's wellbeing and activity.
 

 ...
 

 20. Each party shall have direct access to the child's doctor, dentist or other physical or mental health care provider ... as if the parent were the sole custodian of the child....
 

 ...
 

 22. Medical care providers, educational personnel and any other person deemed by law to have a confidential relationship to the minor child as patient or pupil are hereby authorized to discuss with both Plaintiff and Defendant all matters regarding the child's health, education, religious rearing and general welfare as if he or she was the full legal custodian of the child.
 

 23. Each party shall promptly inform the other of any serious injury or illness sustained by the child requiring medical treatment. Each party shall inform the other of any medical or health problem that arose while the child was in their respective custody....
 

 Plaintiff asserts, however, that the trial court's "findings of fact do not support the trial court's ultimate decision that it is in the best interest of the minor child to travel to Malawi." We disagree with plaintiff's premise that the trial court's "ultimate decision" was that "it is in the best interest of the minor child to travel to Malawi." The trial court's "ultimate decision" was that it was in the child's best interest for his parents to have shared custody, with plaintiff having primary physical custody and defendant secondary physical custody with visitation privileges. Plaintiff also argues that the trial court's "ultimate" findings of fact are not supported by its "evidentiary" findings of fact. As discussed above, our task is to determine whether the trial court's unchallenged findings of fact support its conclusions of law. We conclude that the "ultimate finding" that is challenged by plaintiff is supported by the trial court's other findings of fact. Plaintiff identifies the following as "ultimate" findings of fact:
 

 *246
 
 29. The Court believes that Defendant will provide carefully for the protection and safety of the minor child if visitation is allowed in Malawi.
 

 43. Both parties are excellent parents and both have provided exceptional care for the minor child. Both parties have strong support systems from family and friends. Both parties had adequate housing arrangements. Both parties are very connected to the minor child.
 

 44. Both parties are fit and proper persons to have custody of the minor child. It is in the child's best interest to be placed in the primary physical custody of the Plaintiff-Mother, with the Defendant-Father having secondary physical custody by way of visitation.
 

 Plaintiff has not made any arguments challenging Findings Nos. 43 or 44. Plaintiff's appeal is instead focused exclusively on Finding No. 29, in which the trial court found that "Defendant will provide carefully for the protection and safety of the minor child if visitation is allowed in Malawi." We conclude that this finding is amply supported by other findings tending to show that defendant is a person of good moral character who has assiduously sought to exercise his right to visitation and who has several years of experience with the conditions in Malawi. While we appreciate plaintiff's concerns about the
 
 *895
 
 child's health and safety, we conclude that the trial court's findings of fact reflect its consideration of this issue and support its conclusions of law.
 

 Plaintiff also contends that in assessing whether the trial court's findings of fact support its conclusions of law we should apply the factors that are used to evaluate cases in which one parent seeks to permanently relocate a child. Plaintiff has not articulated a rationale for treating visitation of one or two months as the equivalent of a permanent relocation, and we conclude that we do not need to determine this issue as if it were a permanent relocation. We hold that plaintiff is not entitled to relief on the basis of this argument.
 

 C. Visitation Schedule
 

 Plaintiff argues next that the trial court abused its discretion by ordering a visitation schedule of alternating periods of a month with defendant followed by two months with plaintiff and by directing that when the minor child, who was eighteen months old at the time of the hearing, begins kindergarten, defendant will then have visitation during the school's summer break and during the winter and spring breaks.
 

 *247
 
 Plaintiff contends that this schedule is so "harsh" and "arbitrary" that it constitutes an abuse of discretion. We disagree.
 

 The decretal portion of the trial court's order for permanent child custody provides in relevant part that:
 

 4. The visitation schedule for the minor child will consist of one month custodial period with Defendant-Father, followed by two months of custodial time with Plaintiff-Mother. This schedule will continue until the summer before the minor child is scheduled to begin kindergarten.
 

 ...
 

 8. When the minor child is scheduled to start school and for the summer prior to school commencing, during the summer every year the Defendant will have custodial time with the minor child from the day after school ends for the summer until one week (consisting of seven (7) days) prior to when school starts. For every year thereafter, Defendant will have custodial time with the minor child from the day after school is released for the year until the one week prior to when school recommences.
 

 9. In addition to the summer visitation, after the minor child starts school, the Defendant will exercise custodial time with the minor child for Christmas Break and Spring Break every year from the day school recesses until the day before school recommences.
 

 On appeal, plaintiff contends that the visitation schedule is so arbitrary that it "could not have been the result of a reasoned decision." Plaintiff does not, however, challenge the trial court's conclusion that "[d]efendant is a fit and proper person to exercise secondary care and custody of the minor child, by way of visitation." Nor does plaintiff dispute the existence of evidence to support the trial court's finding that:
 

 43. Both parties are excellent parents and both have provided exceptional care for the minor child. Both parties have strong support systems from family and friends. Both parties [have] adequate housing arrangements. Both parties are very connected to the minor child.
 

 The trial court's findings of fact and conclusions of law demonstrate an intention to fashion a custody plan that would foster the development of a close and meaningful relationship between the minor child
 
 *248
 
 and
 
 both
 
 of his parents. As discussed above, to achieve this goal the trial court was necessarily required to deviate from the most commonly employed custody schedules. Plaintiff's appellate arguments fail to acknowledge the value in the child's relationship with defendant. Thus, plaintiff describes the visitation schedule as "removing [the child] from his home and friends" during every period of visitation with defendant, without considering that the child could benefit from having a home and friends with both plaintiff and defendant. We conclude that, rather than being arbitrary, the visitation schedule was
 
 *896
 
 an appropriate response to the parties' unusual living situation.
 

 Plaintiff also speculates that in the future the visitation schedule may prove incompatible with extracurricular activities in which child might participate. For example, plaintiff contends that if the child were to play football or soccer in high school, the visitation schedule would interfere with summer tryouts and practice. Given that the child is not yet three years old, we decline to speculate on his possible activities or schedule in high school. Moreover:
 

 It is well established in this jurisdiction that a trial court may order a modification of an existing child custody order between two natural parents if the party moving for modification shows that a "substantial change of circumstances affecting the welfare of the child" warrants a change in custody.
 

 Shipman v. Shipman,
 

 357 N.C. 471
 
 , 473,
 
 586 S.E.2d 250
 
 , 253 (2003) (quoting
 
 Pulliam,
 

 348 N.C. at 619
 
 ,
 
 501 S.E.2d at
 
 899 ). See also N.C. Gen.Stat. § 50-13.7(a) ("an order of a court of this State for custody of a minor child may be modified or vacated at any time, upon motion in the cause and a showing of changed circumstances by either party or anyone interested."). If the child's future high school activities render a change of visitation advisable, plaintiff may seek a modification of the visitation schedule at that time.
 

 Plaintiff also argues that testimony from her expert witness would have supported a different schedule. It is, however, the "duty of the trial judge 'to weigh and consider all competent evidence, and pass upon the credibility of the witnesses, the weight to be given their testimony and the reasonable inferences to be drawn therefrom.' 'It is not the function of this Court to reweigh the evidence on appeal.' "
 
 Sauls v. Sauls,
 
 ---N.C.App. ----, ----,
 
 763 S.E.2d 328
 
 , 330 (2014) (quoting
 
 In re Whisnant,
 

 71 N.C.App. 439
 
 , 441,
 
 322 S.E.2d 434
 
 , 435 (1984) (citation omitted), and
 
 Garrett v. Burris,
 

 224 N.C.App. 32
 
 , 38,
 
 735 S.E.2d 414
 
 , 418 (2012),
 
 aff'd per curiam,
 

 366 N.C. 551
 
 ,
 
 742 S.E.2d 803
 
 (2013) ).
 

 *249
 
 We hold that the trial court did not err in its permanent child custody order and that its order should be
 

 AFFIRMED.
 

 Judges STEPHENS and McCULLOUGH concur.