IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA23-1092

Filed 3 December 2024

New Hanover County, No. 21CVD1381

APHRODITE EFSTATHIADIS, Plaintiff,

v.

EFSTATHIOS EFSTATHIADIS, Defendant.

Appeal by defendant from order entered 7 February 2023 by Judge Melinda H. Crouch in New Hanover County District Court. Heard in the Court of Appeals 12 June 2024.

> *Ward & Smith, P.A., by Christopher S. Edwards, J. Albert Clyburn, and Hannah M. Daigle, for plaintiff-appellee.*
>
> *The Lea/Schultz Law Firm, PC, by James W. Lea, III, for defendant-appellant.*

GORE, Judge.

Defendant, Efstathios Efstathiadis, appeals the permanent child custody order that granted plaintiff, Aphrodite Efstathiadis, primary legal and physical custody of their two children. Upon review of the record and the briefs, we affirm.

**I.**

Plaintiff and defendant were married in 2009. The parties had two children together, Vasilios ("Vasili") and Ioanna; both children are still minors. Plaintiff and defendant separated on 8 January 2021, and soon after, entered into a Separation and Property Settlement Agreement ("Settlement Agreement") that included details

concerning child custody. The parties originally agreed to share joint legal and physical custody of both children; the trial court defined the child custody agreement as a temporary order. In March 2021, plaintiff sought and obtained an ex parte domestic violence protective order ("DVPO"). Within the DVPO, plaintiff alleged defendant was verbally and physically abusive.

On 9 April 2021, plaintiff filed a summons and complaint against defendant seeking child custody, child support, and temporary custody. The parties entered into a consent order for temporary custody while awaiting the custody hearing, and as part of the consent order, plaintiff agreed to set aside the DVPO and enter into a Rule 65 civil restraining order. Defendant alleges the parties were divorced on 18 March 2022 and incorporated the Separation Agreement, but there is no divorce judgment included in the record.

On 7 November 2022, the permanent child custody hearing took place. The trial court entered an order for permanent child custody giving primary legal and physical custody to plaintiff and giving defendant the right to exercise secondary physical custody through visitation. The trial court included findings of fact and conclusions of law in support of its decision that it was in the best interests of the children. Defendant filed a timely notice of appeal.

**II.**

Defendant appeals of right pursuant to N.C.G.S. §§ 7B-1001(a)(4) and 7A-27. Defendant seeks review of three issues. Defendant argues the trial court lacked

competent evidence to support findings of fact 12–23; that the prior Separation Agreement between the parties meant the trial court must consider the permanent child custody request under the substantial change in circumstances standard prior to modifying the previous custody agreement; and that the trial court lacked findings of fact regarding defendant's fitness and erred by determining it was in the best interests of the children to award plaintiff primary custody. We disagree.

We review challenges to a child custody order for abuse of discretion. *Velasquez v. Ralls*, 192 N.C. App. 505, 506 (2008). The trial court's findings of fact must be "supported by competent evidence" and are considered "conclusive . . . even when the evidence is conflicting." *Dixon v. Dixon*, 67 N.C. App. 73, 76 (1984). The findings of fact may not "consist of mere conclusory statements" to support the custody award and to support the determination that it is in the best interest of the child. *Id.* at 77. With this standard in mind, we consider defendant's arguments.

**A.**

We first discuss defendant's argument that the trial court should have considered the child custody complaint as a request for modification under section 50-13.7. *See* N.C.G.S. § 50-13.7 (2023). Defendant argues we should review the order to determine whether the trial court properly applied the modification standard (a substantial change in circumstances) prior to allowing a change in the child custody arrangement that was previously decided within the Separation Agreement.

Defendant asserts the divorce decree incorporated the Separation Agreement and made the child custody arrangement within the Separation Agreement permanent.

There is no divorce decree in the record, nor did defendant make this argument challenging the permanent versus temporary nature of any prior child custody agreement at the trial court level. Pursuant to Rule 10(a)(1) of the North Carolina Rules of Appellate Procedure, we may not review unpreserved arguments raised for the first time on appeal. N.C.R. App. P. 10(a)(1). Further, pursuant to Rule 9, the record must contain the documents that "are necessary to an understanding of all issues presented on appeal." N.C.R. App. P. 9(a)(1)(j). Beyond defendant's unpreserved argument, we are unable to conduct meaningful review of this issue without the divorce decree in the record. *See Matter of Foreclosure of Deed of Tr. Executed by Moretz*, 287 N.C. App. 117, 124 (2022) (discussing the Rule 9 violations that impaired this Court's ability to conduct meaningful review). Accordingly, we do not consider the permanent child custody order as a modification of a prior permanent order, and therefore, we proceed with review under an abuse of discretion standard.

**B.**

Defendant broadly challenges findings of fact 13–23 in his issue statements and headings, and specifically challenges findings of fact 12, 13, 14, and 15 within the argument portion of his brief. Defendant's broad challenge to findings 16–23 is therefore, abandoned upon review. *See Gavia v. Gavia*, 289 N.C. App. 491, 497 (2023) (citing N.C.R. App. P. 28(b)(6) (2023)) (stating the mere indication of assigned error

to certain findings of fact without arguments within the brief, results in abandonment of the broad assignments of error to those findings). Additionally, findings of fact 16–23 are conclusive on appeal. *See id.*

Defendant specifically challenged the following findings of fact:

12. That Defendant was verbally and physically abusive to the Plaintiff and minor children during the marriage.

13. That Defendant's verbal and physical abuse to Plaintiff and minor children has continued after separation.

14. That Department of Social Services found it necessary [to] investigate and enter into a safety plan pertaining to the physical abuse perpetrated by Defendant against the minor children. Said safety plan prohibited physical abuse against the minor children.

15. That the minor child, . . . [Vasili] . . . , admitted to his primary physician, Dr. Harnum, that he was physically assaulted, punched in his stomach, by the Defendant.

Defendant argues these findings are not supported by competent evidence in one part of his argument and later argues the findings must be supported by substantial evidence under a modified custody order standard. Defendant points to evidence in the record in which witnesses testified to a "very good" and "warm" relationship between defendant and the children. Defendant claims the evidence supporting this finding was "anecdotal," but also acknowledges testimony from a cousin stating defendant yelled at his son for spilling ketchup on his shirt and "resorted to name-calling directed at Vasili." This is an argument regarding reliability and credibility, not a lack of evidence. It is within the trial court's purview to weigh the evidence and

consider credibility, including "contrary evidence," not this Court's. *See Woncik v. Woncik*, 82 N.C. App. 244, 248 (1986).

Although defendant argues the evidence lacks reliability and "directness in substantiating the abuse allegations," there is competent evidence in the record upon which the trial court could make findings of fact 12, 13, 14, and 15. As it relates to finding of fact 12, plaintiff testified to defendant hitting her during the marriage. Plaintiff testified defendant cursed at the children and gave specific examples of abuse in the DVPO order, which the trial court found to be credible. Additional witness testimony affirmed that defendant yelled at his children. This evidence supports finding of fact 12.

Finding of fact 13 is also supported by competent evidence in the record. Plaintiff obtained a DVPO order after separation. There is witness testimony in the record that defendant admitted to hitting his son in the face. There is testimony that defendant punched his son in the stomach and a conclusive finding of fact that defendant punched his son in the stomach. Competent evidence exists in the record to support finding of fact 13.

Finding of fact 14 is supported by competent evidence in the record. The safety plan created by the Department of Social Services ("DSS") is in the record. Within the DSS safety agreement, a safety plan was created due to domestic violence concerns that "pose[d] an imminent danger of serious physical harm and/or emotional harm to the child." The safety assessment also stated that defendant punched his

son in the stomach. Therefore, competent evidence supports the trial court's finding of fact 14.

Finding of fact 15 is supported by competent evidence in the record. The assessment with Dr. Harnum is in the record and does state that Vasili communicated about being punched in the stomach. Despite the fact the medical assessment does not state Vasili told the doctor defendant punched him, it allows space for inference. When the medical assessment is combined with the other documents in the record, there is competent evidence to support finding of fact 15. Defendant's argument pointing to Vasili's cognitive issues as a means of discrediting the statement in the doctor's report is unpersuasive. As previously stated, it is within the trial court's purview to determine credibility and weigh the evidence.

Having reviewed the specifically challenged findings of fact, we determine the trial court's findings of fact are supported by competent evidence in the record. Therefore, the findings of fact are conclusive on appeal.

## C.

In his final arguments, defendant argues the trial court erred by not making findings of fact related to his fitness as a father and by determining that it was in the best interests of the children to grant primary custody to plaintiff and secondary custody via visitation to defendant. In support of these arguments, defendant first recognizes the discretion given to the trial court to make a determination about the best interests of the child when "it is grounded in competent evidence supporting the

judge's findings of fact." Defendant also cites *Dixon* to discuss how a custody order is "defective" when it lacks "detailed findings of fact" in support of the trial court's determination for the best interest of the child. 67 N.C. App. at 76–77. However, in reviewing the permanent child custody order, we disagree with defendant's assertion the findings of fact do not demonstrate defendant's fitness as a father nor the trial court's ultimate discretionary decision.

Defendant's fitness as a father was well developed through the trial court's many findings of fact. Specifically, the following findings of fact provide support for the trial court's determination of defendant's fitness as a father:

> 6. That on or about 31 March 2021, Plaintiff obtained a Domestic Violence Protective Order ("DVPO") against Defendant.
> . . .
>
> 11. That the allegations set forth in the DVPO that Plaintiff filed on 31 March 2021 were credible and this [c]ourt finds those allegations still credible.
>
> 12. That Defendant was verbally and physically abusive to the Plaintiff and minor children during the marriage.
>
> 13. That Defendant's verbal and physical abuse to Plaintiff and [the] minor children has continued after separation.
>
> 14. That [DSS] found it necessary [to] investigate and enter into a safety plan pertaining to the physical abuse perpetrated by Defendant against the minor children. Said safety plan prohibited physical abuse against the minor children.
>
> 15. That the minor child, . . . [Vasili] . . . , admitted to his primary physician, Dr. Harnum, that he was physically assaulted, punched in his stomach, by the Defendant.
> . . .

18. That the conflict amongst the Plaintiff and Defendant has worsened since separation. For example, Defendant contacted law enforcement on Plaintiff for requiring Defendant to meet at Eaton Elementary to exchange the minor children, which is pursuant to the Temporary Order. This incident occurred in the presence of the minor children and caused undue stress[ ] and anxiety.

19. That Defendant's testimony was not credible. Defendant blamed his counsel of record for not amending his filed Answer, which admitted to selling prescription pain pills out of the marital residence. Defendant's testimony that Plaintiff stole his prescription pain pills out of his safe was not credible. Defendant admitted that he had never made said allegation previously.

20. That Defendant's testimony was not credible that the minor child, . . . [Vasili] . . . "ran into his elbow" as justification to the minor children openly admitting that Defendant punched him in his stomach.

21. That Defendant admitted to Debra Bowes that he hit the minor child, . . . [Vasili] . . . , in the face, "but not that hard", and this [c]ourt found her testimony credible.

22. That Defendant has the capacity to be loving and appropriate but chooses not to.
. . .

24. That Defendant is fit and proper to exercise secondary physical custody by way of visitation set forth herein.

These findings support the trial court's determination that plaintiff should have primary custody and defendant secondary custody via visitation. Further, these findings sufficiently address defendant's fitness as a father.

The previous stated findings along with the following findings support the trial court's discretionary decision that it is in the children's best interests to award

primary legal and physical custody to plaintiff rather than defendant's desired fifty-fifty custody between himself and plaintiff.

> 8. That on 9 April 2021 an Order was entered captioned CONSENT ORDER ON CUSTODY PENDING HEARING ON TEMPORARY CUSTODY ("Temporary Custody Order").
> . . .
>
> 10. That Plaintiff was employed throughout the marriage.
> . . .
>
> 16. That since separation, the minor child, . . . [Vasili's] . . . behavior has worsened in school and socially. The minor child's grades have declined, his tics have worsened and [he] is now exhibiting aggressive behaviors.
>
> 17. That both Plaintiff and the minor child's tutor, testified that the minor child, . . . [Vasili's] . . . tics are worse after the custodial exchanges.
> . . .
>
> 23. Since the party's separation, the Plaintiff has paid for the majority of the children's medical and extracurricular expenses.
>
> 24. That Plaintiff is fit and proper to have primary legal and physical custody of the minor children. . . .

Because the trial court's findings adequately address the fitness of both parents and support its determination that it is in the best interests of the children to award primary legal and physical custody to plaintiff, we conclude the trial court did not abuse its discretion.

## III.

For the foregoing reasons, we affirm the trial court's permanent child custody order.

AFFIRMED.

Chief Judge DILLON and Judge THOMPSON concur.