An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-789

Filed 3 June 2026

Onslow County, No. 19CVD004473-660

SHAUN FELTY, Plaintiff,

v.

ASHLEY RICKARD, Defendant.

Appeal by Plaintiff from judgment entered 16 June 2025 by Judge James Walter Bateman III in Onslow County District Court. Heard in the Court of Appeals 12 February 2026.

*Shaun M. Felty, Plaintiff–Appellant, pro se.*

*No brief for Defendant–Appellee.*

MURRY, Judge.

Plaintiff Shaun M. Felty (Father) appeals from the trial court's permanent custody order, which awarded the parties joint legal custody of their three minor children, with Defendant Ashley N. Rickard (Mother) exercising primary physical custody and Father having secondary physical custody and visitation. For the reasons below, this Court vacates the permanent custody order and remands to the trial court for entry of a new order.

## I. Background

Father and Mother never married but had three minor children together during their sixteen-year relationship. Mother also had a child from another relationship who lived with the parties until their separation. The parties separated in February 2019, and the children resided with Father after the separation. On 19 December 2019, Father filed a complaint for custody of all four children in Onslow County (File No. 19 CVD 4473), to which Mother filed no response. On 31 March 2022, Mother filed an "Ex Parte Motion for Temporary Emergency Custody." Mother's motion alleged that the children "currently reside with [Father], and have resided with him . . . since November 2022."[1] Mother also alleged that Father had removed the children from her home in the middle of the night without her knowledge on 29 March 2022 and had attempted to transfer them to a different school. The trial court denied Mother's motion that same day.

Following a temporary custody hearing on 17 May 2022, the trial court issued a temporary custody order awarding Father primary physical custody of the children and granting Mother visitation on alternating weekends. After a subsequent custody hearing on 24 October 2022, at which both parties appeared *pro se*, the trial court found that, "since March 2022," Father "ha[d] engaged in a course of conduct whereby he ha[d] attempted to alienate . . . [Mother] from the parties' children . . . and harm

---

1   This date appears to be in error since the Motion was filed in March 2022.

the bond between the children and . . . [Mother]." The trial court's permanent custody order awarded sole legal and primary physical custody of the parties' three children to Mother and granted Father secondary physical custody and visitation.[2]

Through counsel, Father moved to reopen the case under North Carolina Rule of Civil Procedure 59 on 7 November 2022. *See* N.C. R. Civ. P. 59(a)(1), (9). Father's motion alleged that he had "not [been] able to articulate facts that would have been beneficial to the [trial] court in rendering the decision" due to his lack of representation by an attorney at that time. On 14 February 2023, the trial court granted Father's Rule 59 motion, concluding that "the best interest of the children would be better determined now that at least one party is represented by an attorney." Following a permanent custody hearing on 2 June 2025, the trial court awarded joint legal custody of the children to Father and Mother, finding it in the children's "best interest . . . for both parents to be involved in [their] . . . school and medical care." The trial court made some findings regarding the procedural history of the case but no factual findings regarding the children's best interests or welfare. The trial court's permanent custody order granted joint legal custody to the parties, primary physical custody of the children to Mother, and visitation to Father on alternating weekends and during specified school breaks. Father timely appealed.

---

[2]   The trial court found that Father did not have standing to seek custody of the eldest child and that the order awarded custody and visitation only as to the three children born to the parties.

## II. Jurisdiction

This Court has jurisdiction to hear Father's appeal of the trial court's permanent custody order because it is the "final judgment of a district court in a civil action." N.C.G.S. § 7A-27(b)(2) (2025).

## III. Analysis

Father argues that the trial court erred (1) by failing to make sufficient findings of fact to support its award of primary physical custody to Mother, (2) by awarding primary physical custody to Mother without considering evidence of her conduct at odds with the children's wellbeing, (3) by failing to consider evidence regarding Father's care of the children, and (4) by improperly considering court-caused delay as a factor in awarding primary physical custody to Mother. For the following reasons, we hold that the trial court's findings were insufficient to support the custody determination, vacate the order, and remand to the trial court for entry of a new order. We thus decline to review Father's additional arguments on appeal.

Father argues that the trial court failed to make sufficient findings of fact to support its award of primary physical custody to Mother. We review a child-custody order to determine "whether . . . competent evidence . . . support[s] the trial court's findings of fact" and whether its "conclusions of law were proper in light of such facts." *Burger v. Smith*, 243 N.C. App. 233, 236 (2015) (quotation omitted). "In a child[-]custody case, the trial court's findings of fact are conclusive on appeal if supported by substantial evidence, even if there is sufficient evidence to support

contrary findings," and "[u]nchallenged findings of fact are binding on appeal." *Peters v. Pennington*, 210 N.C. App. 1, 12–13 (2011) (citing *Koufman v. Koufman*, 330 N.C. 93, 97 (1991)). We review *de novo* "whether the trial court's findings of fact support its conclusions of law." *Burger*, 243 N.C. App. at 237.

A trial court's child-custody order must "award the custody of such child to such person . . . as will best promote the interest and welfare of the child." N.C.G.S. § 50-13.2(a) (2025). The order must also "include written findings of fact that reflect the consideration" of "all relevant factors[,] including acts of domestic violence between the parties, the safety of the child, and the safety of either party from domestic violence by the other party." *Id.* The trial court's findings must "support the determination of what is in the best interest of the child." *Id.* The trial court must make "[f]indings of fact as to the characteristics of the competing parties . . . to support the necessary conclusion[s] of law," which "may concern physical, mental, or financial fitness or any other factors brought out by the evidence and relevant to . . . the welfare of the child." *Steele v. Steele*, 36 N.C. App. 601, 604 (1978). "Although a custody order need not, and should not, include findings as to each piece of evidence presented at trial, it must resolve the material, disputed issues raised by the evidence." *Carpenter v. Carpenter*, 225 N.C. App. 269, 273 (2013).

In *Dixon v. Dixon*, 67 N.C. App. 73 (1984), this Court explained that "a custody order is fatally defective where it fails to make detailed findings of fact from which an appellate court can determine that the order is in the best interest of the child."

*Id.* at 76–77. We "routinely vacate[ ]" custody orders "where the 'findings of fact' consist of mere conclusory statements that the party being awarded custody is a fit and proper person to have custody and that it will be in the best interest of the child to award custody to that person." *Id.* at 77. We will also vacate a custody order "where the findings of fact are too meager to support the award." *Id.*

Here, the trial court found it "in the best interest of the minor children for both parents to be involved in the children's school and medical care." But apart from this conclusory statement, the trial court's order contains no other findings regarding the children's best interests and welfare or the parties' characteristics pertaining to their care of the children.[3] Although the trial court made cursory findings documenting the procedural history of the case and establishing its jurisdiction over the parties, it made no findings concerning the factors in N.C.G.S. § 50-13.2(a) or any other factor relevant to the children's welfare, despite the parties' presentation of conflicting evidence. Because the trial court's lack of findings renders it impossible for us to determine whether the custody arrangement is in the children's best interests, we deem the permanent custody order "fatally defective" and vacate it accordingly. *Dixon*, 67 N.C. App. at 76.

---

[3] Father's narrative statement of proceedings submitted in accordance with N.C. R. App. P 9(c)(1) indicates that the parties presented conflicting evidence regarding the children's welfare while in the custody and care of each parent. Specifically, Father highlights evidence regarding the children's academic and behavioral difficulties in school while living with Mother and her failure to take the children to therapy. According to the narrative statement, Mother acknowledged the school-related difficulties but claimed that the children "are in puberty and still learning how to cope with it," and Mother admitted to driving the children without having a driver's license.

To avoid confusion on remand, we also note that Father's brief refers to the parties as "parents" of all "four minor children," but the trial court's permanent custody order addressed custody only of the parties' three biological children. On remand, the trial court should clearly address the distinction between the parties' three biological children and the eldest child. Because Father did not challenge the trial court's grant of custody only as to the three biological children, the trial court should address only the custody of the parties' three children on remand.

We thus remand this case to the trial court for entry of a new order. The trial court may enter a new order based on the existing record unless either party requests a new evidentiary hearing on remand.

## IV.  Conclusion

For the reasons discussed above, this Court vacates the permanent custody order and remands to the trial court for entry of a new order.


VACATED AND REMANDED.

Judges STROUD and GRIFFIN concur.

Report per Rule 30(e).